1  MARK D. LONERGAN (State Bar No. 143622)
   ADAM N. BARASCH (State Bar No. 158220)
2  TORIANA S. HOLMES (State Bar No. 282600)
   tsh@severson.com
3  SEVERSON & WERSON, P.C.
   A Professional Corporation
4  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
5  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
6
7  Attorneys for Defendant
   WELLS FARGO BANK, N.A.

8

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11             SAN FERNANDO VALLEY DIVISION

12

| | |
|---|---|
| 13  In re | Case No. 1:12-bk-15099-MB |
| 14  LAUREL BELKIN GREENSTEIN, | Chapter 7 |
| 15  Debtor. | Adv. No. 1:15-ap-01220-MB |
| 16  LAUREL GREENSTEIN, | **WELLS FARGO BANK, N.A.'s MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (F.R.C.P. 12(b)(6) as incorporated by Bankruptcy Rule 7012)** |
| 17  Plaintiff, | |
| 18  vs. | |
| 19  | |
| 20  WELLS FARGO BANK, N.A.; DOES 1 through 10, | Date:       December 2, 2015 |
| 21  Defendants. | Time:       1:30 p.m. |
| 22  | Crtrm.:    303 |
| | Judge:     Hon. Martin Barash |
| | Location:  21041 Burbank Blvd. |
| | Woodland Hills, CA 91367 |
| 23  | Complaint Filed: October 6, 2015 |

24

25

26

27

28

55002.0348/5391388.2

WELLS FARGO BANK, N.A.'s MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**PLEASE TAKE NOTICE THAT** on December 2, 2015, at 1:30 p.m., in Courtroom 303 of the above-entitled United States Bankruptcy Court located at 21041 Burbank Boulevard, Woodland Hills, California 91367, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") will move this Court to dismiss the claims asserted by Plaintiff Laurel Greenstein ("Plaintiff") pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") 8(a), 12(b)(1), (4), and (6), as incorporated by the Federal Rules of Bankruptcy Procedure ("F.R.B.P.") Rules 7008 and 7012.

As a preliminary matter, the Court lacks standing to hear this Chapter 7 matter. Wells Fargo seeks dismissal of this case on the basis that this Court lacks subject matter jurisdiction pursuant to F.R.C.P. 12(b)(1) as incorporated by Bankruptcy Rule 7012. The allegations do not arise from bankruptcy law, but instead state law claims which relate to the loan secured by her residence in Woodland Hills, California. These purported claims also arise from pre-petition actions with respect to the real property. As such, the claims neither arise in or under title 11, nor are they related to the administration of the bankruptcy estate, and as such, there is no jurisdiction. Alternatively, if the Court finds jurisdiction exists, it should abstain from hearing the matter for the same reasons.

Wells Fargo also seeks dismissal under F.R.C.P. 8(a). Plaintiff's Complaint is frankly a variety of scattershot representations regarding the 2012 foreclosure sale of Plaintiff's residence.

Wells Fargo also seeks dismissal under F.R.C.P. 12(b)(4) as Plaintiff has failed to timely serve the Summons and Complaint on Wells Fargo.[1]

Finally, Wells Fargo seeks dismissal under F.R.CP. 12(b)(6) for failure to state a claim. Even if Plaintiff is somehow able to overcome the identified procedural defects, she does not assert any cognizable cause of action in her Complaint. Plaintiff's incoherent Complaint is nothing more than a seventeen page recitation of facts, devoid of any legal causes of action alleged against Wells Fargo. The substance of these factual allegations center around Plaintiff's assertion

---

[1] Per the Adversary Docket Report, Plaintiff filed the Complaint on October 6, 2015 and a Summons was issued on October 7, 2015. However, Plaintiff has filed a Proof of Service of the Summons and Complaint reflecting service on the Defendant on October 29, 2015. (See Adversary Docket Report, Docket Entry Nos. 1, 2, and 3.)

WELLS FARGO BANK, N.A.'s MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    that the court, in an unrelated bankruptcy proceeding, improperly issued an order on Wells Fargo's

2    Motion to Dismiss[2] and an in rem order that granted Wells Fargo the right to proceed with a non-

3    judicial foreclosure sale of the property.[3]  However, similar to the iterations of Plaintiff's

4    complaint in her related adversary actions, the Complaint fails to state facts sufficient to constitute

5    a cause of action against Wells Fargo. As Plaintiff fails to provide a single comprehensible

6    argument, all of her claims fail as a matter of law.  For these reasons, Plaintiff's Complaint should

7    be dismissed without leave to amend.

8        This motion is based upon the following memorandum of points and authorities, the

9    accompanying notice of motion and the request for judicial notice, all filed concurrently herewith,

10   the pleadings and papers on file in this action and in the underlying bankruptcy case, and upon

11   such further evidence, both oral and documentary, as may be offered at the time of the hearing.

12   DATED: November 10, 2015          SEVERSON & WERSON
                                       A Professional Corporation

13

14

15                                     By:  _____

16                                           Adam N. Barasch / Toriana S. Holmes

17                                     Attorneys for Defendant WELLS FARGO BANK, N.A.

18

19

20

21

22

23

24

25   _____

     [2] *Greenstein v. Wells Fargo Bank, N.A. et al.*, filed in the United States Bankruptcy Court, Central
26   District of California, San Fernando Valley Division, as case number 1:12-ap-01379-AA.

27   [3] *In re Roger Lipkis*, United States Bankruptcy Court, Central District of California, San Fernando
     Valley division, case number 1:11-bk-23430-MT, Docket Entry No. 30.)

28

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ........................................................................................................ 1

II.   FACTUAL BACKGROUND ...................................................................................... 2

      A.    Foreclosure History .......................................................................................... 2

      B.    Grant Deed and Bankruptcy Filing By Party With An Alleged Interest
            In the Property .................................................................................................. 3

      C.    Second Notice of Trustee's Sale ...................................................................... 4

      D.    Litigation History ............................................................................................. 4

            1.    Plaintiff's State Court Action ................................................................ 4

            2.    Plaintiff's Chapter 7 Bankruptcy Case ................................................. 4

            3.    Plaintiff's Adversary Proceedings ........................................................ 4

                  (a)    Plaintiff's First Adversary Case. ............................................... 4

                  (b)    Plaintiff's Second Adversary Proceeding. ................................ 5

                  (c)    Plaintiff's Third Adversary Proceeding. ................................... 6

III.  ARGUMENT .............................................................................................................. 6

      A.    Legal Standard .................................................................................................. 6

      B.    Plaintiff Lacks Standing And The Court Lacks Jurisdiction To Hear
            This Matter ....................................................................................................... 7

      C.    This Court Has Lacks Jurisdiction In This Matter And Accordingly,
            This Action Must Be Dismissed ....................................................................... 8

      D.    Plaintiff's Complaint Suffers From Numerous Defects .................................... 9

            1.    Plaintiff Fails To Meet The Pleading Standard Under F.R.C.P. 8(a). .... 9

            2.    Plaintiff's Service of Process Is Insufficient. ..................................... 10

            3.    Plaintiff's Complaint Fails To State Claims Upon Which Relief
                  May Be Granted. .................................................................................. 11

      E.    Plaintiff's Complaint Fails To State Any Viable Claim Against Wells Fargo ... 11

            1.    Plaintiff's Fraud, Fraud Upon the Court, and Perjury Claims Fail. ........ 13

            2.    Plaintiff's Violation of the Automatic Stay Claim Fails. ..................... 14

            3.    Plaintiff's Claim That The Order Was Void Ab Initio Fails. ............... 16

WELLS FARGO BANK, N.A.'s MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

F.    Plaintiff Has Not Pled Any Grounds For The Relief Requested Under
F.R.B.P. 7001 .................................................................................................. 16

G.    Plaintiff Should Not Be Granted Leave To Amend ................................................. 17

IV.    CONCLUSION ................................................................................................................ 18

WELLS FARGO BANK, N.A.'s MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

Page(s)

CASES

*Am. Ass'n of Naturopathic Physicians v. Hayhurst*,
   227 F.3d 1104 (9th Cir. 2000)..................................................................................12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................11, 12

*In re Ascher*,
   128 B.R. 639 (Bankr. N.D. Ill. 1991) ............................................................8

*Ass'n of Med. Colls. v. United States*,
   217 F.3d 770 (9th Cir. 2000)......................................................................6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544,570 (2007) ...........................................................................11

*Bell Atlantic Co. v. Twombly*,
   550 U.S. 544 (2007)............................................................................9, 11

*In re Bottcher*,
   441 B.R. 1 (Bankr. D. Mass. 2010)...........................................................3

*Brown v. Rumsfeld*,
   211 F.R.D. 601 (N.D. Cal. 2002) ..............................................................12

*Cahill v. Liberty Mut. Ins. Co.*,
   80 F.3d 336,337-38 (9th Cir. 1997) ..........................................................11

*In re Casamont Investors, Ltd.*,
   196 B.R. 517 (9th Cir. B.A.P. 1996).........................................................7

*Connerly v. Schwarzenegger*,
   146 Cal.App.4th 739 (2007).....................................................................17

*Cootey v. Countrywide Home Loans, Inc.*,
   2011 U.S. Dist. LEXIS 63065 (D. Haw. Jun. 14, 2011) ..............................10, 12

*Cox v. Cmmnc'ns PCS, L.P. v. City of San Marcos*,
   204 F.Supp.2d 1272 (S.D. Cal. 2002) .......................................................17

*Dressler v. Seeley Co. (In re Silberkraus)*,
   336 F.3d 864 (9th Cir. 2003).....................................................................15

*Fietz v. Great W. Sav. (In re Fietz)*,
   852 F.2d 455 (9th Cir. 1988)......................................................................8

WELLS FARGO BANK, N.A.'s MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*In re Glenfed, Inc. Sec. Litig.*,
  42 F.3d 1541 (9th Cir. 1994) ..................................................................................13

*Goodman v. Kennedy*
  18 Cal.3d 335 (1976) ................................................................................................17

*Gruntz v. County of Los Angeles (In re Gruntz)*,
  202 F.3d 1074 (9th Cir. 2000) ..................................................................................8

*Haley v. Dow Lewis Motors, Inc.*,
  72 Cal.App.4th 497, 85 Cal.Rptr.2d 352 (1999) ......................................................7

*Helfand v. Nat'l Union Fire Ins. Co.*,
  10 Cal.App.4th 869, 13 Cal.Rptr.2d 295 (1992) ....................................................15

*In re Holtzclaw*,
  131 B.R. 162 (E.D. Cal. 1991) ..................................................................................8

*Jacobsen v. Filler*,
  790 F.2d 1362 (9th Cir. 1986) ................................................................................12

*KVOS, Inc. v. Associated Press*,
  299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183 (1936) ....................................................6

*Levy v. Cohen*,
  19 Cal.3d 165, 172, 561 P.2d 252, 256 (1977) ......................................................15

*In re Lenz*,
  448 B.R. 832 (Bankr. D. Or. 2011) ..........................................................................3

*In re Lopez*,
  283 B.R. 22 (B.A.P. 9th Cir. 2002) ..........................................................................7

*Lorence v. Does 1 through 50 (In re Diversified Contract Servs., Inc.)*,
  167 B.R. 591 (Bankr. N.D. Cal. 1994) ......................................................................8

*Lucas v. Dep't of Corr.*,
  66 F.3d 245 (9th Cir. 1995) ....................................................................................11

*Mangindin v. Washington Mut. Bank*,
  637 F.Supp.2d 700 (N.D. Cal. 2009) ......................................................................17

*Max v. Seterus, Inc.*,
  2013 WL 708876 (E.D. Cal. Feb. 26, 2013) ..........................................................11

*McDowell v. Watson*,
  59 Cal.App.4th 1159 (1997) ....................................................................................17

*McHenry v. Renne*,
  84 F.3d 1172 (9th Cir. 1996) ..................................................................................12

WELLS FARGO BANK, N.A.'s MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Montalbano v. Easco Handtools, Inc.*,
   766 F.2d 737 (2nd Cir. 1985).................................................................................10

*Morris v. BMW of N. Am., LLC*,
   2007 WL 3342612 (N.D. Cal. 2007).......................................................................13

*In re Pace*,
   146 B.R. 562 (B.A.P. 9th Cir. 1992)..........................................................................7

*Palmquist v. Palmquist*,
   212 Cal.App.2d 430, 27 Cal.Rptr. 756 (Ct. App. 1963) ..........................................15

*Pittenger v. Home Sav. & Loan Ass'n*,
   166 Cal.App.2d 32 (1958).......................................................................................17

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
   806 F.2d 1393 (9th Cir. 1986).................................................................................13

*Sollberger v. Wachovia Sec., LLC*,
   2010 U.S. Dist. LEXIS 66233 (C.D. Cal. Jun. 30, 2010) ....................................9, 12

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001)...................................................................................11

*State Auto Mut. Ins. Co. v. Relocation & Corp. Housing Servs., Inc.*,
   287 Ga.App. 575, 651 S.E.2d 829 (2007) ...............................................................15

*Swartz v. KPMG LLP*,
   476 F.3d 756, 765 (9th Cir. 2007)...........................................................................13

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
   2 Cal.App.4th 153 (1991) .......................................................................................13

*In re Torres*,
   367 B.R. 478 (Bankr. S.D.N.Y. 2007) ......................................................................8

*In re Tucson Estates, Inc.*,
   912 F.2d 1162 (9th Cir. 1990)...................................................................................9

*Tyco Indus. v. Superior Court*
   (1985) 164 Cal.App.3d 148 .....................................................................................17

*Vega v. JP Morgan Chase Bank, N.A.*,
   654 F.Supp.2d 1104 (E.D. Cal. 2009)......................................................................12

*Wall v. Kholi*,
   —— U.S. ——, 131 S.Ct. 1278, 179 L.Ed.2d 252 (2011) ......................................15

*Wong v. Am. Servicing Co.*,
   2009 U.S. Dist. LEXIS 118012 (E.D. Cal. Dec. 18, 2009)...................................9, 12

WELLS FARGO BANK, N.A.'s MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Wood v. Wood (In re Wood)*,
    825 F.2d 90 (5th Cir. 1987)..................................................................................................8

**STATUTES**

11 U.S.C.
    § 362(d) ...................................................................................................................................3
    § 554(d) ...................................................................................................................................7

28 U.S.C.
    § 1334 ......................................................................................................................................9
    § 1334(b) .................................................................................................................................8
    § 1334(c) .................................................................................................................................6

**RULES**

Bankruptcy Rule
    Rule 7004(e) ..........................................................................................................................10

Federal Rules of Bankruptcy Procedure
    Rule 7001 ...............................................................................................................................16
    Rule 7001(2) ..........................................................................................................................16
    Rule 7001(7) ....................................................................................................................16, 17
    Rule 7001(9) ..........................................................................................................................16

Federal Rules of Civil Procedure
    Rule 4(e) ................................................................................................................................10
    Rule 8 ..................................................................................................................................9, 17
    Rule 8(a) ...........................................................................................................1, 6, 9, 10, 13
    Rule 9(b) ...........................................................................................................................13, 14
    Rule 12(b) ............................................................................................1, 5, 6, 7, 10, 11, 17

Federal Rules of Evidence
    Rule 201 ...................................................................................................................................3

Local Rule 4001 ...........................................................................................................................16

**OTHER AUTHORITIES**

Black's Law Dictionary 298 (9th ed. 2009)..............................................................................15

55002.0348/5391388.2                                                                  1:12-bk-15099-MB

WELLS FARGO BANK, N.A.'s MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

At its core, Plaintiff Laurel Greenstein's ("Plaintiff") Complaint is a refiling of her prior adversary proceeding filed in this Court in October 2012.[1]  Although this adversary proceeding was voluntarily dismissed by Plaintiff,  the October 2012 complaint is substantively identical to the current complaint.  Similarly, this Complaint is wholly unintelligible, fails to meet basic pleading standards and fails to state any claim against defendant Wells Fargo Bank, N.A. ("Wells Fargo").

In summary, Plaintiff has been litigating her claims challenging the 2012 non-judicial foreclosure sale of real property for over seven years, from state court to bankruptcy court. Throughout the course of this litigation, Plaintiff has asserted various theories by which she contends that the sale of the real property was improper and void – all of which have failed. Unsatisfied with the results, Plaintiff has now filed her third adversary complaint against Wells Fargo seeking to unwind a July 2012 trustee's sale.  In this action, Plaintiff also seeks declaratory and injunctive relief, damages, and the return of the property to her.

As a preliminary matter, Plaintiff lacks standing to bring any claim in her bankruptcy because the purported claims arise from pre-petition actions with respect to the loan on the subject property.  As such, under F.R.C.P. 12(b)(1), this Court lacks jurisdiction over this matter as Plaintiff's claims do not relate to administration of the bankruptcy estate.

Second, Plaintiff's complaint fails to meet the basic pleading standard as set forth by F.R.C.P. 8(a).

Third, Plaintiff's failure to timely provide evidence of service of the Summons and Complaint on Wells Fargo is cause for dismissal of this Complain under F.R.C.P. 12(b)(4).

Finally, even if Plaintiff is somehow able to overcome all of the procedural defects

---

[1] *Laurel Greenstein v. Wells Fargo Bank, N.A., Marsol A. Nagata, Esq. a California attorney, Barratt, Daffin, Frapier, & Weiss, LLP, Steven A. Wolvek, Does 1 through 10*, United States Bankruptcy Court, Central District of California, San Fernando Valley Division case number 1:12-ap-01379-MB.

WELLS FARGO BANK, N.A.'s MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  identified above, she has not asserted any cognizable cause of action.  In sum, Plaintiff's current

2  complaint suffers from multiple defects, both factual and legal.  From what can be gleamed from

3  the obscure pleading, it appears that the gravamen of this action is based on Plaintiff's claim that

4  Wells Fargo improperly foreclosed on her residence.  The face of the Complaint lists: "Fraud,

5  Fraud Upon the Court, Violation of the Automatic Stay, Perjury, Order Was Void Ab Initio."

6  However, none of these claims are listed anywhere in the body of the  Complaint and are generally

7  unrecognized.  Instead, the Complaint is a compilation of the events that led to the non-judicial

8  sale of the property, rendering it unclear exactly what claims are being asserted directly against

9  Wells Fargo.

10          For these reasons, and those set forth herein, Plaintiff fails to state a claim against Wells

11  Fargo.  Accordingly, Wells Fargo respectfully requests that the Court grant its motion to dismiss

12  without leave to amend.

13                                **II.  FACTUAL BACKGROUND**

14  **A.      Foreclosure History**

15          Plaintiff had owned the property located at 5160 Llano Drive, Woodland Hills, California

16  ("Property"), since at least 2007. (Complaint, ¶ 7.) On or about January 19, 2007, Plaintiff

17  executed a written Note for value and delivered it to World Savings Bank, FSB ("World

18  Savings").[2] Per the terms of the Note, Plaintiff promised to pay World Savings the principle sum

19  of $510,000.00, beginning with payments on or about March 1, 2007, and continuing until paid in

20  full.  As security for the Note, on or about January 19, 2007, Plaintiff executed a Deed of Trust,

21  which encumbered the Property, which was recorded on January 30, 2007. (Request for Judicial

22  Notice ("RJN"), Ex. A.) World Savings was listed as the beneficiary under the Deed of Trust.

23  Golden West Savings Association Co., A California Corporation ("Golden West"), was listed as

24  the Trustee.

25

26

27  [2] World Savings is now known as Wells Fargo Bank, N.A., successor by merger to Wachovia
Bank, N.A., successor by merger to World Savings Bank, FSB, or Wells Fargo.

28

WELLS FARGO BANK, N.A.'s MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    Plaintiff defaulted under the terms of the Note, and a Notice of Default was issued by Cal-

2  Western Reconveyance Corporation as agent for the lender on July 22, 2011. (RJN, Ex. B.) The

3  Notice of Default was recorded on July 25, 2011.

4    On August 17, 2011, Wells Fargo executed a Substitution of Trustee. (RJN, Ex. C.) This

5  document substituted Cal-Western Reconveyance Corporation ("Cal-Western") as the new trustee

6  on the Deed of Trust. The Substitution of Trustee was recorded on September 12, 2011.

7    On October 26, 2011, a Notice of Trustee's sale was issued by Cal-Western. The

8  foreclosure sale was to occur on November 15, 2011, at 9:00 a.m. The Notice of Trustee's Sale

9  was recorded on October 26, 2011. (RJN, Ex. D.)

10  **B.    Grant Deed and Bankruptcy Filing By Party With An Alleged Interest In the**
    **Property**

11

12    On or about October 10, 2011, it appeared Plaintiff executed a Grant Deed to Roger Lipkis

13  ("Lipkis").  The face of the Grant Deed shows that it was recorded on November 10, 2011. (RJN,

14  Ex. E.)  On November 18, 2011, Lipkis filed a Chapter 13 Bankruptcy Case in this Court, Case

15  No. 1:11-bk-23430-MT ("Lipkis BK")(RJN, Ex. F; Docket Entry No. 1.)[3]  Wells Fargo and Lipkis

16  subsequently entered into a Stipulation to Modify/Terminate the Automatic Stay and

17  Extraordinary Relief as to the Property pursuant to 11 U.S.C. §362(d)(4), due to the transfer of the

18  Property being a part of a scheme to delay, hinder or interfere with Wells Fargo's rights to enforce

19  its state law remedies in connection with the Property.  Wells Fargo and Lipkis also stipulated that

20  provided that the Order was recorded in compliance with applicable state laws governing notices

21  of interest or liens in the Property, the Order would be binding and effective under 11 U.S.C.

22  §362(d)4(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later

23  than two (2) years after the date of entry of the Order for Relief. An Order for Relief was entered

24

25

26  [3] A bankruptcy court, in adjudicating a motion to dismiss an adversary proceeding, may properly
    take judicial notice of any documents filed in the main bankruptcy case. *In re Lenz*, 448 B.R. 832,

27  833 (Bankr. D. Or. 2011) (citations omitted); *In re Bottcher*, 441 B.R. 1, 4 (Bankr. D. Mass. 2010)
    (citations omitted); Fed. R. Evid. 201.

28

WELLS FARGO BANK, N.A.'s MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  as to the Property on March 19, 2012. (See RJN, Ex. F, Docket Entry No. 30.) The Order for

2  Relief was subsequently recorded on March 28, 2012. (Complaint, ¶ 17; RJN, Ex. G.)

3  **C.    Second Notice of Trustee's Sale**

4      On May 8, 2012, a second Notice of Trustee's Sale was issued by Cal-Western. The

5  foreclosure sale was to occur on June 4, 2012, at 9:00 a.m. The Notice of Trustee's Sale was

6  recorded on May 14, 2012. (RJN, Ex. H.) This sale did not proceed on the scheduled date.

7  **D.    Litigation History**

8      **1.    Plaintiff's State Court Action**

9      Plaintiff filed her first suit against Cal-Western Reconveyance Corporation, Wachovia

10  Mortgage, a division of Wells Fargo, N.A., and World Savings Bank, F.S.B., and Does 1 to 50,

11  inclusive, relating to the Note, in the Superior Court of California, County of Los Angeles on

12  October 13, 2011, under case number LC095160 ("State Court Action"). The court entered an

13  Order Sustaining Wells Fargo's demurrer and a Judgment of Dismissal with prejudice in favor of

14  Wells Fargo on December 6, 2012. On March 20, 2013, Plaintiff filed a Request for Dismissal of

15  the State Court Action Without Prejudice.

16      **2.    Plaintiff's Chapter 7 Bankruptcy Case**

17      On May 31, 2012 nearly two months after the Order for Relief was entered against the

18  Property, Plaintiff filed the underlying Chapter 7 bankruptcy case in this Court, case number 1:12-

19  bk-15099-AA. (Complaint, ¶¶ 4, 5; RJN, Ex. I, Docket Entry No. #1.)

20      Although Plaintiff's Chapter 7 bankruptcy case was open, there was no automatic stay in

21  effect as to the Property pursuant to the Order for Relief entered in the Lipkis BK two months

22  before. The Property was therefore sold at a trustee's sale on July 11, 2012 to Wells Fargo.

23  (Complaint, ¶ 26; RJN, Ex. J.)

24      **3.    Plaintiff's Adversary Proceedings**

25      **(a)    Plaintiff's First Adversary Case.**

26      On August 20, 2012, Plaintiff filed her first adversary complaint in the United States

27  Bankruptcy Court, Central District of California, San Fernando Valley Division, case number

28  1:12-ap-01300-AA ("Adversary #1" or "Adv. #1"). (RJN, Ex. K; See Adv.# 1 Docket Entry

WELLS FARGO BANK, N.A.'s MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1 | No. 1.) Adversary #1 was against Wells Fargo Bank, N.A., Marisol A. Nagata, Esq. a California

2 | attorney, Barratt, Daffin, Frapier & Weiss, LLP, Steven A. Wolvek, and Does 1 through 10, and

3 | Plaintiff again, challenged the non-judicial foreclosure sale of the Property. The Summons for

4 | Adversary #1 was issued on August 23, 2012, however, similar to the instant case, Plaintiff failed

5 | to timely file a proof of service for the Summons and Complaint. (See Adv. #1 Docket generally,

6 | and Adv. #1 Docket Entry No. 2.)

7 | On September 24, 2012, Wells Fargo filed a motion to dismiss the Complaint under

8 | F.R.C.P. 12(b)(1), 12(b)(4), and 12(b)(6) and Plaintiff's lack of standing to assert the claims

9 | alleged. (See Adv. #1 Docket Entry No. 7.)

10 | On October 24, 2012, an Order Granting Wells Fargo's motion to dismiss the Complaint,

11 | without leave to amend, was entered. (RJN, Ex. L; See Adv. #1 Docket Entry No. 22.) Plaintiff's

12 | Adversary #1 was closed on November 16, 2012. (See Adv. #1 Docket Entry No. 23.)

13 | **(b)    Plaintiff's Second Adversary Proceeding.**

14 | On the same day the Order on Wells Fargo's motion to dismiss the Complaint in

15 | Adversary #1 was entered, Plaintiff filed her second adversary complaint in this Court, case

16 | number 1:12-ap-01379-MB ("Adversary #2" or "Adv. #2".)(RJN, Ex. M; Adv. #2 Docket Entry

17 | No. 1.) Adversary #2 contained similar allegations against Wells Fargo Bank, N.A., Marisol [sic]

18 | A. Nagata, Esq. a California attorney, Barratt, Daffin, Frapier, & Weiss, LLP, Steven A. Wolvek,

19 | Does 1 through 10, in which she again challenged the non-judicial foreclosure sale of the Property

20 | and alleged that the sale was void.

21 | The Summons for Adversary #2 was issued on October 25, 2012, however, consistent with

22 | Plaintiff's Adversary #1, Plaintiff failed to timely file a proof of service for the Summons and

23 | Complaint. (See Adv. #2 Docket generally, and Adv. #2 Docket Entry No. 2.)

24 | Wells Fargo filed a motion to dismiss the complaint in Adversary #2 on November 26,

25 | 2012 (See Adv. #2 Docket Entry No. 10.) The motion was set for hearing for January 2, 2013.

26 | However, five days before the scheduled hearing on Wells Fargo's motion to dismiss,

27 | Plaintiff filed a Notice of Dismissal. (See Adv. #2 Docket Entry No. 28.) An Order Granting

28 | Wells Fargo's Motion to Dismiss with prejudice was entered on February 7, 2014. Plaintiff

1 | appealed this order to the Bankruptcy Appellate Panel ("BAP") of the Ninth Circuit, case number

2 | 14-1392, on August 11, 2014.  This appeal was dismissed as untimely.  On January 21, 2015,

3 | Plaintiff filed a Motion for Reconsideration and Relief from the Order Granting Wells Fargo's

4 | Motion to Dismiss. (See Adv. #2 Docket Entry No. 49.)  This motion was subsequently granted on

5 | September 1, 2015, and the Order Granting Wells Fargo's Motion to Dismiss was vacated. (See

6 | Adv. #2 Docket Entry No. 65.)  To date, Adversary #2 remains open.

7 |   **(c)    Plaintiff's Third Adversary Proceeding.**

8 |         On October 6, 2015, Plaintiff filed her third and current adversary proceeding in this Court,

9 | case number 1:15-ap-01220-MB. (RJN, Ex. N.) The allegations in this current Complaint are

10 | identical to those set forth in Plaintiff's Adversary #2, in which she contends the foreclosure sale

11 | was void and should be reversed (Complaint, ¶¶ 27, 30).  Similar to the prior actions, Plaintiff fails

12 | to make any allegations entitling her to relief.

13 |   **III.  ARGUMENT**

14 | **A.    Legal Standard**

15 |         A party seeking to invoke the jurisdiction of the federal court shoulders the burden of

16 | establishing that jurisdiction exists. *See KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278, 57

17 | S.Ct. 197, 81 L.Ed. 183 (1936); *Ass'n of Med. Colls. v. United States*, 217 F.3d 770, 778-79 (9th

18 | Cir. 2000). A party who fails to make such a showing is subject to dismissal pursuant to F.R.C.P.

19 | 12(b)(1).[4]

20 |         A bankruptcy court is specifically allowed to abstain from a proceeding for an action "in

21 | the interest of justice, or in the interest of comity with State courts or respect for State law, from

22 | abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a

23 | case under title 11." 28 U.S.C. § 1334(c)(1).

24 |         In pleading a complaint, a plaintiff must make "a short and plain statement showing that

25 | the pleader is entitled to relief" and "a demand for the type of relief sought."  F.R.C.P. 8(a).

26 |

27 |

28 |

[4] Here, and throughout this Motion, references or citations to the Federal Rules of Civil Procedure are as they are incorporated into the Rules of Bankruptcy Procedure. Should the Rules of Bankruptcy Procedure differ, they will be referenced or cited directly.

1        In addition, dismissal is warranted where a plaintiff has failed to properly serve a

2    defendant. *See* F.R.C.P. 12(b)(4).

3        Finally, a complaint that fails to state a claim upon which relief may be granted is also

4    subject to dismissal. See F.R.C.P. 12(b)(6).

5    **B.    Plaintiff Lacks Standing And The Court Lacks Jurisdiction To Hear This Matter**

6        Plaintiff lacks standing to bring this action, and the Complaint should be dismissed on that

7    basis alone.  It is undisputed that Plaintiff's claims against Wells Fargo arise from the pre-petition

8    actions with respect to the loan and subsequent sale of the Property.  As such, Plaintiff's alleged

9    claims are assets of the bankruptcy estate.

10        11 U.S.C. § 554(d) provides that:

11            [u]nless the court orders otherwise, property of the estate that is not
        abandoned under this section and that is not administered in the case

12            remains property of the estate.

13        Although the Chapter 7 Trustee filed a Notice of Trustee's Intent to Abandon Real

14    Property and Personal Property in Plaintiff's underlying Chapter 7 bankruptcy case, this

15    abandonment does not amount to an abandonment of claims that arise out of the Property. With

16    respect to actions that are property of the estate, the Trustee is the real party in interest, and

17    Plaintiff lacks standing to pursue the claim on her own behalf.  *In re Lopez*, 283 B.R. 22, 28

18    (B.A.P. 9th Cir. 2002); *Haley v. Dow Lewis Motors, Inc.*, 72 Cal.App.4th 497, 511, 85 Cal.Rptr.2d

19    352 (1999).  Abandonment of property does not result in abandonment of claims that arise out of

20    the Property. *See In re Pace*, 146 B.R. 562, 564 (B.A.P. 9th Cir. 1992).  The claims asserted in

21    Plaintiff's Complaint would fall under this category  and Plaintiff has not sought abandonment by

22    the Trustee of this lawsuit.

23        Further, this Court lacks subject-matter jurisdiction over this adversary case as Plaintiff's

24    claims could be brought in a non-bankruptcy court and because Plaintiff's claims do not relate to

25    administration of this bankruptcy proceeding.

26        A bankruptcy court's jurisdiction over the adversary proceeding derives from its jurisdic-

27    tion over the underlying Chapter 7 case. *In re Casamont Investors, Ltd.*, 196 B.R. 517, 521 (9th

28    Cir. B.A.P. 1996).  In order for a court to have original jurisdiction over an adversary proceeding,

1    the court must find that the proceeding is one "arising under title 11, or arising in or related to

2    cases under title 11." 28 U.S.C. § 1334(b).

3         A proceeding "arising under title 11" is one that "'invokes a substantive right provided by

4    title 11.'" *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1081 (9th Cir. 2000)

5    (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)). A proceeding "arising in a

6    case under title 11" is one that "'by its nature, could arise only in the context of bankruptcy case.'"

7    *Id.* Finally, a proceeding is "related to a case under title 11" if its outcome could conceivably

8    affect the administration of the estate. *Lorence v. Does 1 through 50 (In re Diversified Contract*

9    *Servs., Inc.)*, 167 B.R. 591, 595 (Bankr. N.D. Cal. 1994) (citing *Fietz v. Great W. Sav. (In re*

10   *Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988)). If granting the relief sought in the complaint would

11   have no effect on the bankruptcy estate, and the case does not arise under or arise in a case under

12   title 11, a bankruptcy court must dismiss the matter for lack of subject-matter jurisdiction. *In re*

13   *Torres*, 367 B.R. 478, 481 (Bankr. S.D.N.Y. 2007).

14   **C.    This Court Has Lacks Jurisdiction In This Matter And Accordingly, This Action
     Must Be Dismissed.**

15

16        All of Plaintiff's claims are non-core, state law claims relating to sale of the property, and

17   could have been brought in a non-bankruptcy proceeding in a non-bankruptcy court. Accordingly,

18   the claims neither meet the "arising under" or "arising in" requirement for subject-matter

19   jurisdiction. The claims also fail to meet "related to" jurisdiction. On this basis, the Court lacks

20   jurisdiction to hear this matter. The Court should therefore abstain from hearing this matter.

21        A bankruptcy court may abstain from any matter, no matter how closely the proceeding is

22   related to the bankruptcy process. *In re Holtzclaw*, 131 B.R. 162, 164 (E.D. Cal. 1991) (citing *In*

23   *re Ascher*, 128 B.R. 639, 645 (Bankr. N.D. Ill. 1991)) ("discretionary abstention applies to both

24   core and noncore matters"). The Ninth Circuit has identified the following non-exclusive list of

25   factors to guide a court in determining if abstention is appropriate:

26                (1) the effect or lack thereof on the efficient administration of the
                 estate if a Court recommends abstention, (2) the extent to which
27                state law issues predominate over bankruptcy issues, (3) the
                 difficulty or unsettled nature of the applicable law, (4) the presence
28                of a related proceeding commenced in state court or other

1  nonbankruptcy court, (5) the jurisdictional basis, if any, other than
   28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the
2  proceeding to the main bankruptcy case, (7) the substance rather
   than form of an asserted "core" proceeding, (8) the feasibility of
3  severing state law claims from core bankruptcy matters to allow
   judgments to be entered in state court with enforcement left to the
4  bankruptcy court, (9) the burden of [the bankruptcy court's] docket,
   (10) the likelihood that the commencement of the proceeding in
5  bankruptcy court involves forum shopping by one of the parties,
   (11) the existence of a right to a jury trial, and (12) the presence in
6  the proceeding of nondebtor parties.

7  *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990) (citations omitted). Of the

8  twelve *Tucson Estate* factors, factors (1), (2), (4), (5), (6), (7),(10) and (11) strongly indicate that

9  abstention is appropriate. The other factors are either not applicable or are neutral to the issue of

10 abstention.

11     This Court should exercise its discretionary right to abstain from hearing this matter.

12 **D.     Plaintiff's Complaint Suffers From Numerous Defects**

13     **1.     Plaintiff Fails To Meet The Pleading Standard Under F.R.C.P. 8(a).**

14     Plaintiff's Complaint does not comply with F.R.C.P. 8. In pleading a complaint, a plaintiff

15 must make "a short and plain statement showing that the pleader is entitled to relief" and "a

16 demand for the type of relief sought." F.R.C.P. 8(a). Under Federal Rules of Civil Procedure,

17 Rule 8(a), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that

18 is plausible on its face." *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 547 (2007). "[This] requires

19 more than labels and conclusions. . . . [A] formulaic recitation of the elements of a cause of action

20 will not do." *Id.* at 555 (citation omitted).

21     "[A] plaintiff must not be permitted to use 'shotgun' pleading tactics, such as providing

22 inadequate factual bases for his claims, to thwart the defendant's ability to seek dismissal of the

23 claims against him as early in the litigation as possible." *Wong v. Am. Servicing Co.*, 2009 U.S.

24 Dist. LEXIS 118012, at *9 (E.D. Cal. Dec. 18, 2009). "Shotgun pleadings are pleadings that

25 overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for

26 defendants to make informed responses to the plaintiff's allegations." *Sollberger v. Wachovia Sec.*,

27 *LLC*, 2010 U.S. Dist. LEXIS 66233 at *11 (C.D. Cal. Jun. 30, 2010). "One common type of

28 shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus

WELLS FARGO BANK, N.A.'s MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  term 'Defendants' throughout a complaint by grouping defendants together without identifying

2  what the particular defendants specifically did wrong." *Id.* at *12. Shotgun pleading is

3  "unacceptable." *Id.* at *11. A complaint which fails to make "any particular allegations as to any

4  specific Defendant" and only "lumps" defendants together cannot "state a claim that is plausible

5  on its face as to any Defendant." *Cootey v. Countrywide Home Loans, Inc.*, 2011 U.S. Dist.

6  LEXIS 63065, at *10 (D. Haw. Jun. 14, 2011).

7          Such is the case here. Plaintiff's rambling Complaint fails to apprise Wells Fargo what

8  charges it must meet vis-à-vis the Plaintiff and Wells Fargo is left guessing as to exactly what

9  claims are being advanced against it. Plaintiff's Complaint plainly fails to meet this requirement,

10  even construing the rules liberally. The Complaint therefore fails to comply with F.R.C.P. 8(a)'s

11  basic pleading standards, and should be dismissed in its entirety for that reason alone.

12          **2.          Plaintiff's Service of Process Is Insufficient.**

13          Dismissal is warranted where a plaintiff has failed to properly serve a defendant. *See*

14  F.R.C.P. 12(b)(4). The court has broad discretion to dismiss the action where service of process is

15  insufficient. *Montalbano v. Easco Handtools, Inc.*, 766 F.2d 737, 740 (2nd Cir. 1985).

16          F.R.C.P. 4(e) as incorporated in Bankruptcy Rule 7004(e), sets forth grounds for

17  insufficient process of the Summons:

18                    Service made under Rule 4(e) … shall be by delivery of the
                    summons and complaint within 7 days after the summons is issued.
19                    If service is by any authorized form of mail, the summons and
                    complaint shall be deposited in the mail within 7 days after the
20                    summons is issued.

21          Here, Plaintiff's Complaint was filed on October 6, 2015 and the Summons was issued on

22  October 7, 2015. Under F.R.C.P. 4(e), Plaintiff was required to serve the Summons and

23  Complaint on Wells Fargo on or before October 14, 2015. Nearly one month later, on November

24  3, 2015, Plaintiff filed a proof of service evidencing the service of the Complaint and Summons on

25  Wells Fargo. Because October 14, 2015 was the deadline for her file such a proof of service, her

26  November 3, 2015 filing is untimely. As such, proper service has not been effectuated. The

27  Complaint should therefore be dismissed under F.R.C.P. 12(b)(4).

28

WELLS FARGO BANK, N.A.'s MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

3.      **Plaintiff's Complaint Fails To State Claims Upon Which Relief May Be Granted.**

Finally, a complaint that fails to state a claim upon which relief may be granted is also subject to dismissal. *See* F.R.C.P. 12(b)(6). A complaint may be dismissed pursuant to Rule 12(b)(6) if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,570 (2007). In ruling on a motion to dismiss under Rule 12(b)(6), material factual allegations in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336,337-38 (9th Cir. 1997). However, the Court need not accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not [survive a motion to dismiss]. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

In granting a motion under Rule 12(b)(6), leave to amend should not be granted where it is clear that the complaint's deficiencies cannot be cured by amendment. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

E.      **Plaintiff's Complaint Fails To State Any Viable Claim Against Wells Fargo**

In the event the Court does not dismiss the Complaint for the reasons set forth above, this Complaint is subject to dismissal under 12(b)(6).

The entire Complaint is nothing more than a jumbled timeline of the events leading to the foreclosure sale of the Property and Plaintiff's numerous efforts to set aside the sale in her bankruptcy case, Lipkis' BK case, and her other adversary proceedings. Plaintiffs' broad contention that Wells Fargo was somehow not entitled to foreclose due to Plaintiff's default under the terms of the Note fails. *See Max v. Seterus, Inc.*, 2013 WL 708876, *5 (E.D. Cal. Feb. 26, 2013) (dismissing wrongful foreclosure action brought by pro se plaintiff: a complaint that "pleads no more than generalized wrongdoing which could apply to any loan setting, default and

1  foreclosure" is insufficient); *Vega v. JP Morgan Chase Bank, N.A.*, 654 F.Supp.2d 1104, 1111

2  (E.D. Cal. 2009) ("a court is free to ignore legal conclusions, unsupported conclusions,

3  unwarranted inferences and sweeping legal conclusions case in the form of factual allegations")

4  (citations and quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,

5  1949 (2009) (a complaint does not suffice "if it tenders naked assertion[s] devoid of further factual

6  enhancement.") (citations and quotation marks omitted); *McHenry v. Renne*, 84 F.3d 1172, 1179

7  (9th Cir. 1996) ("Something labeled as a complaint but written more as a press release, prolix in

8  evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing

9  for what wrongs, fails to perform the essential functions of a complaint").)

10        "[A] plaintiff must not be permitted to use 'shotgun' pleading tactics, such as providing

11  inadequate factual bases for his claims, to thwart the defendant's ability to seek dismissal of the

12  claims against him as early in the litigation as possible." *Wong v. Am. Servicing Co.*, 2009 U.S.

13  Dist. LEXIS 118012, at *9 (E.D. Cal. Dec. 18, 2009). "Shotgun pleadings are pleadings that

14  overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for

15  defendants to make informed responses to the plaintiff's allegations." *Sollberger v. Wachovia Sec.,*

16  *LLC*, 2010 U.S. Dist. LEXIS 66233 at *11 (C.D. Cal. Jun. 30, 2010). "One common type of

17  shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus

18  term 'Defendants' throughout a complaint by grouping defendants together without identifying

19  what the particular defendants specifically did wrong." *Id.* at *12. Shotgun pleading is

20  "unacceptable." *Id.* at *11.  A complaint which fails to make "any particular allegations as to any

21  specific Defendant" and only "lumps" defendants together cannot "state a claim that is plausible

22  on its face as to any Defendant." *Cootey v. Countrywide Home Loans, Inc.*, 2011 U.S. Dist.

23  LEXIS 63065, at *10 (D. Haw. Jun. 14, 2011).

24        "[P]ro se litigants in the ordinary civil case should not be treated more favorably than

25  parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).  "[A]

26  pro se litigant is not excused from knowing the most basic pleading requirements." *Am. Ass'n of*

27  *Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000).  If a pro se litigant

28  fails to state anything approaching a claim, the complaint must be dismissed.  See *Brown v.*

1    *Rumsfeld*, 211 F.R.D. 601, 605 (N.D. Cal. 2002) (granting motion to dismiss where *pro se* plaintiff

2    did not come close to meeting even minimum standards.).

3          Such is the case here.  Plaintiff's rambling Complaint fails to apprise Wells Fargo what

4    charges it must meet vis-à-vis the plaintiff and Wells Fargo is left guessing as to exactly what

5    claims are being advanced against it.  The Complaint therefore fails to comply with Fed. R. Civ. P.

6    8(a)'s basic pleading standards, and should be dismissed in its entirety for that reason alone.

7          But because Plaintiff lists the following causes of action on the face of Complaint: Fraud,

8    Fraud Upon the Court, Violation of the Automatic Stay, Perjury, and Order Was Void Ab Initio,

9    with a Jury Request, and these claims are not set forth in the body of the Complaint, Wells Fargo

10   will address each in turn in the interest of completely addressing the merits of Plaintiff's

11   complaint.  However, each of Plaintiff's claims fail because Plaintiff simply has not pled facts

12   sufficient to state any viable cause of action against Wells Fargo.

13          **1.      Plaintiff's Fraud, Fraud Upon the Court, and Perjury Claims Fail.**

14          To the extent Plaintiff attempts to assert claims against Wells Fargo grounded in fraud, the

15   claims fail to meet the specificity required by F.R.C.P. 9(b).  Pursuant to Federal Rule of Civil

16   Procedure 9(b), "[i]n alleging fraud …, a party must state with particularity the circumstances

17   constituting fraud …."  To meet this standard, the complaint must allege "particular facts going to

18   the circumstances of the fraud, including time, place, persons, statements made and an explanation

19   of how or why such statements are false or misleading." *Morris v. BMW of N. Am., LLC*, 2007

20   WL 3342612, *3 (N.D. Cal. 2007) (citing *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48

21   n.7 (9th Cir. 1994) (en banc)); see also *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806

22   F.2d 1393, 1401 (9th Cir. 1986).  Where the defendant is a corporation, the fraud cause of action

23   must allege specific names of the persons who made the misrepresentation, their authority to speak

24   for the corporation, to whom they spoke, what they said or wrote, and when it was said or written.

25   *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991).

26          The Complaint in this case "is shot through with general allegations that the 'defendants'

27   engaged in fraudulent conduct." (*Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007.) The

28   Ninth Circuit has held that kind of pleading insufficient.  Here, it is unclear what factual

WELLS FARGO BANK, N.A.'s MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  allegations Plaintiff relies upon for her fraud claim.  Plaintiff makes the sweeping allegation that

2  Wells Fargo fabricated the Grant Deed. (Complaint, ¶ 24). She further alleges that "Wells Fargo

3  has a very well documented history of creating false documents to assist and support their

4  foreclosures. (Complaint, ¶ 23.)

5      For her fraud upon the court claim, Plaintiff summarily concludes "Defendants conspired

6  with attorney Steven Wolvek, who represented Roger Lipkis, to submit knowingly false,

7  misleading and deceptive information …to the bankruptcy court of Roger Lipkis." (Complaint,

8  ¶ 16.)  She further alleges that "Defendants intended to mislead and deceive" by submitting the

9  stipulation for relief in the Lipkis bankruptcy case. (Complaint, ¶ 36.)

10     It is also unclear what statements Plaintiff relies upon in support of her perjury claim.

11     However, Plaintiff fails to allege any facts establishing how Wells Fargo had engaged in

12  fraud or "fraud upon the Court," or perjury for that matter.  There are no facts alleging any specific

13  misrepresentations made by Wells Fargo, its respective officers, directors, or managing agents

14  regarding the Grant Deed or the Order for Relief.  Plaintiff also does not allege which person(s)

15  purportedly made any representation about the Grant Deed with the knowledge that such

16  representation was false. Without any facts or evidence to support her claim that the Grant Deed

17  and Order for Relief were procured by fraud, or that Wells Fargo engaged in perjury, and because

18  Plaintiff fails to plead the fraud claims with the particularity demanded by F.R.C.P. 9(b), these

19  claims should be dismissed without leave to amend.

20     **2.      Plaintiff's Violation of the Automatic Stay Claim Fails.**

21     Plaintiff alleges that an automatic stay went into effect at the time she filed her Chapter 7

22  bankruptcy case in May 2012 and Wells Fargo could therefore not proceed with the trustee's sale

23  of the Property. (Complaint, ¶ 11.)  Plaintiff's contention is misplaced.  Because an in rem Order

24  Granting Wells Fargo relief from the automatic stay was entered on March 19, 2012 and

25  subsequently recorded on March 28, 2012, Wells Fargo did not violate the automatic stay by

26  proceeding with the trustee's sale of the Property. (See RJN, Exs. F and Ex. G, Docket Entry

27  No. 30.)

28     Additionally, by way of her current complaint, Plaintiff is seeking to collaterally appeal the

WELLS FARGO BANK, N.A.'s MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  bankruptcy court's in rem Order for Relief from Stay that was entered in the Lipkis BK.  Plaintiff

2  is precluded from doing so under the doctrine of collateral attack.  A collateral attack is "[a]n

3  attack on a judgment in a proceeding *other than a direct appeal.*" (*Wall v. Kholi*, —— U.S. ——,

4  131 S.Ct. 1278, 1284, 179 L.Ed.2d 252 (2011) (quoting Black's Law Dictionary 298 (9th ed.

5  2009)); *see also State Auto Mut. Ins. Co. v. Relocation & Corp. Housing Servs., Inc.*, 287 Ga.App.

6  575, 577, 651 S.E.2d 829 (2007) "A collateral attack is an attempt to avoid the effect of a

7  judgment or order made in some other proceeding." (*Palmquist v. Palmquist*, 212 Cal.App.2d 430,

8  344, 27 Cal.Rptr. 756, 758 (Ct. App. 1963).)

9          A judgment or order of a bankruptcy court, once rendered, is final for purposes of res

10  judicata until reversed or modified on appeal or set aside in the rendering court. (*Levy v. Cohen*, 19

11  Cal.3d 165, 172, 561 P.2d 252, 256 (1977).)(*Helfand v. Nat'l Union Fire Ins. Co.*, 10 Cal.App.4th

12  869, 897, 13 Cal.Rptr.2d 295, 311 (1992)).  Also, the bankruptcy court may not modify an order

13  while on appeal. *See Dressler v. Seeley Co. (In re Silberkraus)*, 336 F.3d 864, 869 (9th Cir. 2003).

14  ("[T]he filing of a notice of appeal generally divests the trial court of jurisdiction." *Id.*

15          Here, when Plaintiff's efforts to challenge the Order for Relief in the Lipkis BK failed, she

16  filed in her underlying Chapter 7 bankruptcy case a Motion to Set Aside Re: Sale of Property, and

17  two separate adversary proceedings seeking the same relief. (See RJN, Ex. F, Docket Entry Nos.

18  43, 45, 50, 52, 56, 57; RJN, Ex. I, Docket Entry Nos. 62, 71.) Plaintiff's Motion to Set Aside Re:

19  Sale of Property Made in Violation of Automatic Stay filed in her underlying bankruptcy case was

20  denied on March 5, 2014.  Plaintiff subsequently filed a notice of appeal to the BAP of the Ninth

21  Circuit.[5] This appeal remains open and pending with the BAP.  As discussed above, Adversary #1

22  was closed on November 16, 2012, and Adversary #2 remains open following the entry of the

23  Order Granting Plaintiff's Motion for Reconsideration and Vacating Order Granting Wells Fargo

24  Bank, N.A.'s Motion to Dismiss.

---

26  [5] *Laurel Greenstein v. Wells Fargo Bank, N.A.*, U.S. Bankruptcy Appellate Panel ("BAP") of the
27  Ninth Circuit, case number 14-1101. Oral arguments were made and the matter remains under
    submission with the BAP since July 23, 2015.

1    Because the bankruptcy court's Order for Relief has not been reversed on appeal nor set

2    aside by the bankruptcy court, it still stands. Therefore, the July 11, 2012 trustee's sale did not

3    violate the automatic stay as Plaintiff contends and this claim fails.

4    **3.    Plaintiff's Claim That The Order Was Void Ab Initio Fails.**

5    Plaintiff's adversary action is entirely premised on her argument that the in rem Order for

6    Relief entered in the Lipkis BK is void *ab initio* and therefore the sale of the Property is void and

7    Wells Fargo has no interest in the Property. (Complaint, ¶ 27.[6])  It appears that the crux of this

8    claim is based upon Plaintiff's allegations that she never received notice of Motion for Relief filed

9    in the Lipkis BK and that she did not transfer an interest in the Property to Roger Lipkis.

10   (Complaint, ¶¶ 20, 21, 22.) Under this district's Local Rules, there is no requirement that Plaintiff

11   be served with a notice of the stipulation for relief from stay entered into between Lipkis and

12   Wells Fargo. (Local Rule 4001.)  Moreover, based upon the record before the court, the Lipkis

13   bankruptcy court found sufficient grounds to grant the in rem request and on those grounds, issued

14   the Order for Relief. Therefore, Plaintiff's argument that the Order for Relief is void is without

15   merit.

16   **F.    Plaintiff Has Not Pled Any Grounds For The Relief Requested Under F.R.B.P. 7001**

17   On the caption of the Complaint, Plaintiff includes a request for relief under F.R.B.P.

18   7001(2), 7001(7) and 7001(9).  Although not set forth in the body of the Complaint, Wells Fargo

19   will address each in turn in the interest of completeness.

20   Under F.R.B.P. 7001(2), such an adversary proceeding is brought to determine the validity,

21   priority, or extent of a lien or other interest in property. See F.R.B.P. 7001(2).  As discussed

22   above, Plaintiff defaulted under the terms of the Note and foreclosure proceedings were initiated

23   against the Property. There was nothing improper about the trustee's sale and Wells Fargo

24   lawfully purchased the Property in 2012.  Therefore this request fails.

25

26   _____

27   [6] The Complaint lists two paragraphs as Paragraph No. 27 on page 17. In this instance, Wells
     Fargo is referring to the second Paragraph 27 that falls seven lines down from the top of the page.

28

WELLS FARGO BANK, N.A.'s MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  F.R.B.P. 7001(7) is a proceeding to obtain an injunction or other equitable relief. Here,

2  Plaintiff cannot assert a cause of action for injunctive relief as it is not a cause of action. It is a

3  remedy that must be tethered to some independent legal duty owed by the defendant to the

4  plaintiff. *Cox Commc'ns*, 204 F.Supp.2d at 1283. The injunctive relief claim, therefore, cannot

5  stand on its own, and should be dismissed for being improperly pled. *See Mangindin v.*

6  *Washington Mut. Bank*, 637 F.Supp.2d 700, 709 (N.D. Cal. 2009). As already shown, Plaintiff's

7  claims are defective.  The Property has already been sold in July 2012. Consequently, there is

8  nothing to support Plaintiff's request for an injunction, and this request, too, should be dismissed.

9  Finally, F.R.B.P. 7001(9) is a proceeding to obtain a declaratory judgment.  Declaratory

10  relief is a remedy that must be tethered to some independent legal duty owed by the defendants to

11  the Plaintiff.  *McDowell v. Watson*, 59 Cal.App.4th 1159 (1997); *Cox v. Cmmnc'ns PCS, L.P. v.*

12  *City of San Marcos*, 204 F.Supp.2d 1272, 1283 (S.D. Cal. 2002). Furthermore, where there is no

13  justifiable controversy for a purported declaratory action, the proper remedy is not to render

14  judgment for one side or the other, but to dismiss. *Connerly v. Schwarzenegger*, 146 Cal.App.4th

15  739 (2007). "An action for declaratory relief should be dismissed where it appears that no

16  justifiable controversy exists." *Pittenger v. Home Sav. & Loan Ass'n*, 166 Cal.App.2d 32, 36

17  (1958). For the reasons stated herein, Plaintiff fails to state any cognizable claim against Wells

18  Fargo. Therefore, this request also fails.

19  **G.    Plaintiff Should Not Be Granted Leave To Amend**

20  "Where the nature of a plaintiff's claim is clear, but under substantive law no liability

21  exists, leave to amend should be denied, for no amendment could change the result." (*Tyco Indus.*

22  *v. Superior Court* (1985) 164 Cal.App.3d 148, 153.)  It is Plaintiff's burden to show that such

23  amendment could cure the complaint's defects. (*Goodman v. Kennedy* (1976) 18 Cal.3d 335,

24  349.)  Here, Plaintiff's Complaint plainly demonstrates that this action was not brought as a good-

25  faith attempt to state facts to support a valid cause of action against Wells Fargo, but rather

26  constitutes a last-ditch attempt to challenge a valid non-judicial foreclosure.  Moreover, Plaintiff

27  has had filed similar Complaints in two prior adversary proceedings, yet again fails to meet the

28  required pleading standards under F.R.C.P. 8 and 12(b). Given this, amendment in this instance

WELLS FARGO BANK, N.A.'s MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  will not serve to state any valid claim or cause of action.  The baseless nature of Plaintiff's claims

2  cannot be cured by any amendment.  Accordingly, Wells Fargo requests that this Court not only

3  grant its Motion to Dismiss Plaintiff's complaint, but also that it do so without leave to amend,

4  dismissing the action with prejudice.

## IV.  CONCLUSION

6        For the reasons stated above, Defendant Wells Fargo Bank, N.A. respectfully requests that

7  the Motion to Dismiss Plaintiff's Complaint be granted without leave to amend.

8

9  DATED: November *10* , 2015            SEVERSON & WERSON
                                         A Professional Corporation

10

11

12                                By:  _____
                                       Adam N. Barasch / Toriana S. Holmes
13

14                                Attorneys for Defendant WELLS FARGO BANK, N.A.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

55002.0348/5391388.2                        18                          1:12-bk-15099-MB