Steven A. Wolvek, Esq., SBN 146965
LAW OFFICES OF STEVEN A. WOLVEK
5023 N. Parkway Calabasas
Calabasas, CA 91302
818-227-3379 / Fax: 818-227-3383
Email: steve@wolveklaw.com

Attorney for Defendant
STEVEN A. WOLVEK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREL GREENSTEIN, )<br><br>Debtor. )<br>_____ )<br><br>LAUREL GREENSTEIN, )<br><br>Plaintiff, )<br><br>v. )<br><br>WELLS FARGO BANK, et. al., )<br><br>Defendants. )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>_____ ) | CHAPTER 7<br><br>CASE NO: 1:12-bk-15099-AA<br>ADV. NO: 1:15-bk-01220<br><br>NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND FOR AN ORDER RESTRICTING PLAINTIFF FROM FILING ANY NEW LITIGATION WITHOUT LEAVE OF THE COURT; DECLARATION OF STEVEN A. WOLVEK IN SUPPORT THEREOF<br><br>DATE:    April 28, 2016<br>TIME:    2:30 p.m.<br>PLACE: Courtroom 303 |

TO THE HONORABLE JUDGE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, AND ALL OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE that on April 26, 2016, at 2:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 303 of the above-entitled Court, Defendant, Steven A. Wolvek ("Wolvek"), will and hereby does move the court to dismiss this complaint for failure to state a claim upon which relief can be granted; and, for an order prohibiting Plaintiff Laurel Greenstein from filing

any new litigation in the California courts without first obtaining leave of the presiding judge of the court in which the litigation is proposed to be filed, to give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions or other amounts which may be awarded against plaintiff, and for the imposition of monetary sanctions against Plaintiff.

This motion will be made on the following grounds:

1.   The complaint against Steven A. Wolvek fails to state a claim upon which relief can be granted (res judicata); and,

2.   Plaintiff is a vexatious litigant, and has engaged in conduct which is harassing to Steven A. Wolvek, and to this Court, and will be made pursuant to 28 U.S.C. Section 1651 ("All Writs Act") and Federal Rules of Civil Procedure, Rule 11.

This motion will be based upon this notice of motion and motion, on the memorandum of points and authorities in support thereof, the Declaration of Steven A. Wolvek, the pleadings an papers filed herein, and upon any oral or other written evidence that may be presented to the Court at the hearing on the motion.

Dated: March 20, 2016                LAW OFFICES OF STEVEN A. WOLVEK

By:_____
STEVEN A. WOLVEK
Defendant in Pro Se

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION AND FACTUAL BACKGROUND

This is the fifth filed against this answering Defendant based upon the following facts. Defendant is a bankruptcy attorney duly licensed to practice before all courts in the State of California and in the Central, Northern and Eastern Districts of California. Defendant represented defendant Roger Lipkis ("Lipkis") in a Chapter 13 proceeding bearing case number 11-23430-MT. During that proceeding a motion for relief from the automatic stay was filed by defendant Marisol Nagate of Barrett Daffin Frappier Treder & Weiss LLP on behalf of secured creditor Wells Fargo Bank concerning a parcel of real property located at 5160 Llano Drive, Woodland Hills, California 91364. This parcel of real property did not belong to the Debtor Roger Lipkis and was not listed in his filed schedules. Defendant was provided a copy of an alleged Grant Deed signed by Plaintiff transferring her ownership interest in the Llano property to Mr. Lipkis. A true and accurate copy of which is attached hereto and made a part hereof by this reference as Exhibit "A" (SEE declaration of Steven A. Wolvek, paragraph 2).

Defendant agreed to enter into a stipulation for relief from the automatic stay with counsel for Wells Fargo which included a statement that Debtor Lipkis asserted no ownership interest in the property, it was transferred to him without his knowledge, the order was binding on Defendant Lipkis on any converted case and terminated the stay as to the Debtor and his bankruptcy estate. Finally, the stipulation provided that the order was binding and effective as an in rem order but allowed a debtor in a subsequent bankruptcy case to assert an automatic stay upon certain conditions. A true and accurate copy of the stipulation is attached hereto and made a part hereof by this reference as Exhibit "B" (SEE declaration of Steven A. Wolvek, paragraph 3).

First Adversary Action: Plaintiff filed two separate motions against defendant Wolvek in the Lipkis case on August 7, 2012 and August 16, 2012 attempting to vacate the relief from stay order and for contempt. Both requests were denied. Plaintiff then filed a motion for reconsideration on December 4, 2012 which was also denied. A true and accurate copy of the order denying the motion for reconsideration is attached hereto and incorporated herein by this reference as Exhibit "C" (SEE

1    declaration of Steven A. Wolvek, paragraph 4).

2        <u>Second Adversary Action:</u> Just after filing the motions in the Lipkis case as referenced above,

3    Plaintiff filed an adversary case bearing 12-01300-AA on August 20, 2012 with the same essential

4    allegations made against this moving defendant. Defendant Wolvek filed a motion to dismiss which

5    was granted on October 24, 2012. A true and accurate copy of the order is attached hereto and made

6    a part hereof as Exhibit "D' (SEE declaration of Steven A. Wolvek, paragraph 5). The order was

7    without leave to amend as the asset was property of the estate and not yet abandoned to the Plaintiff

8    who herself filed Chapter 7 bankruptcy.

9        <u>Third Adversary Action:</u> Plaintiff filed this adversary proceeding against defendant Wolvek

10    on October 24, 2012 bearing ADV No. 12-01379. Defendant Wolvek filed a motion to dismiss on

11    November 5, 2012 which was granted on December 26, 2012 without leave to amend. A true and

12    accurate copy of that order is attached hereto and made a part hereof by this reference as Exhibit "E"

13    (SEE declaration of Steven A. Wolvek, paragraph 6).

14        <u>Fourth Adversary Action:</u> After losing on adversary actions filed in two separate bankruptcy

15    courts against defendant Wolvek, plaintiff then filed an identical complaint in State Court, Northwest

16    District bearing case number LC099392. Defendant Wolvek filed a demurrer was filed and Plaintiff

17    was allowed leave to amend. Another demurrer was filed as to the amended complaint which was

18    sustain on or about December 20, 2016 in factor of defendant Wolvek. A true and accurate copy of

19    the case docket is attached hereto and made a part hereof by this reference as Exhibit "F" (SEE

20    declaration of Steven A. Wolvek, paragraph 7).

21        This now constitutes Plaintiff's fifth adversary action against this moving party on the same

22    set of facts. A Motion for Reconsideration was filed in Adversary No. 12-10379 on September 1,

23    2015. That order vacating in part the prior court's ruling was as to defendant Wells Fargo and not

24    defendant Wolvek. In fact, there has been no successful appeal of any of the Court's prior orders as

25    it pertains to this plaintiff and this defendant. This present adversary actions involves this same plaint

26    and moving defendant and is based entirely on the same facts and three separate court's have ruled

27    upon in favor of defendant Wolvek.

28    ///

II.

## THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST
## DEFENDANT WOLVEK

The Complaint fails to state a cause of action under Fed. R. Civ. P. 12(b)(6):

When considering a motion brought under Rule 12(b)(6), the court presumes that all of the allegations of the complaint are true, it reads the complaint in the light most favorable to plaintiff, and it resolves all doubts or inferences in plaintiff's favor. R2 Investments LDC. V. Phillips, 401 F.3d 638, 642, (5th Cir. 2005); Bright v. Westmoreland County , 380 F.3d 729, 745 (3rd Cir. 2004). The court will include in its analysis not only the assertions made in the complaint, but also those contained in the documents attached to, or incorporated by reference into the pleadings. Gregory v. Daly, 243 F.3d 687, 691 (2nd Cir. 2001). The court will not, however, consider material from outside the pleadings without converting the motion into a motion for summary judgment. The moving party has the burden of establishing that no relief can be granted under any set of facts that could be proven consistently with plaintiff's allegations. Oxford Associates v. Waste System Authority of Eastern Montgomery County, 271 F.3d 140, 144-145 (3d Cir. 2001); Abels v. Farmers Commodities Corp., 259 F.3d 910. 196 (8th Cir. 2001).

1.      Defendant Wolvek's actions did not cause Plaintiff Injury:

The stipulation filed in the Lipkis case clearly sets out that the Llano property was not Lipkis' property. Defendant Wolvek had no obligation to research and discover who actually owned the property and give them any type of notice. The stipulation allowed any other party later filing bankrup0tcy to assert an automatic stay as it related to the Llano property.

The notice of Trustee's Sale regarding the Llano property was recorded on May 14, 2012 setting a sales date for June 4, 2012. A true and accurate copy of which is attached hereto and made a part hereof as Exhibit "G" (SEE declaration of Steven A. Wolvek, paragraph 8). Plaintiff filed her Chapter 7 bankruptcy case on May 31, 2012 which was after she would have had notice of the sale date. The property sale concluded and this property reverted back to the lender. The plaintiff had a remedy of the Bankruptcy Court to impose an automatic stay and address any issue she had with Wells Fargo Bank and her loan or the foreclosure. Defendant Wolvek providing a stipulation for

1 | relief from stay which would have been granted regardlessly was not a cause to any of Plaintiff's

2 | alleged injuries.

3 |      2.    <u>Plaintiff's action is barred by the Doctrine of Res Judicata:</u>

4 |     Plaintiff seeks to litigate against this answering defendant for a fifth time over a 4 ½ year

5 | period in three (3) separate courts on the same essential facts making the same essential allegations.

6 | (SEE declaration of Steven A. Wolvek, paragraph 9).

7 |     Under res judicata, a final judgment on the merits bars further claims by parties based on the

8 | same cause of action. <u>Brown v. Felsen</u>, 99 S.Ct. 2205, 2209 (1979) citing Montana v. United States,

9 | 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210(1979). Res judicata prevents litigation of all

10 | grounds that were previously available to the parties regardless of whether they were asserted or

11 | determined in the prior proceeding. <u>Chicot County Drainage Dist. V. Baxter State Bank</u>, 308 U.S.

12 | 371, 378, 60 S.Ct. 317, 320, 84 L.Ed. 329(1940). The elements of Federal Claims preclusion are (1)

13 | there must have been a final judgment on the merits; (2) the decision was rendered by a court of

14 | competent jurisdiction; (3) the prior action must have involved the same parties and (4) the prior

15 | action must have involved the same claim. <u>Ragsdale v. Rubbermaid, Inc.</u>, 193 F.3d 1235 (11th Cir.

16 | 1999).

17 |     Plaintiff first filed to reverse the stipulation for relief from stay in the Lipkis matter and to

18 | hold defendant Wolvek in contempt of court for its submission. Those motions were based upon the

19 | same facts, involved the same issue and parties as the present adversary action. Plaintiff's motions

20 | and request for reconsideration were all denied.

21 |     Plaintiff then filed an adversary in her Bankruptcy case against defendant Wolvek on two

22 | separate occasions. Once before the assets was abandoned to her and once after the fact. Both those

23 | adversary actions involved the same facts, issues and parties and all were resolved in defendant

24 | Wolvek's favor without leave to amend. None of those prior rulings has ever been appealed.

25 |     Plaintiff then filed a civil complaint against defendant Wolvek in the Los Angeles Superior

26 | Court on the same facts, issues and involving the same parties. Once again plaintiff's complaint was

27 | subject to defendant's demurrer and concluded without being appealed. (SEE declaration of Steven

28 | A. Wolvek, paragraph 10).

Now plaintiff is back in court once again alleging the same facts and legal issues against this same defendant 2 ½ year later forcing defendant Wolvek to once again expend time and money in challenging the merits or her complaint and the causes of actions she alleges against an attorney who has never for a single moment represented her in any way, shape or form.

III.

## PLAINTIFF MEETS THE STANDARD FOR BEING DETERMINED A VEXATIOUS LITIGANT

A court can prohibit a vexatious litigant from continuing to file actions in federal court as a party's right to access is not absolute or unconditional. Green v. Warden 699 F.2d 364, 369 (7th Cir. 1983). The Ninth Circuit has noted that "frivolous claims by a litigious plaintiff may be extremely costly to defendants and can waste valuable court time." Jones v. Town of Los Gatos 834 F. Supp 1230, 1232 (9th Cir 1986 quoting De Nardo v. Murphy 781 F.2d 1345, 1349 (9th Cir. 1986)).

In dealing with abusive litigants, the federal courts possess "inherent power...to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances (quoting Delong v. Hennesey 912 F. 2d 1144, 1147 (9th Cir. 1990)). 28 U.S.C. 1651, known as the All Writs Act, provides as follows:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

> (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

As a means of stemming abusive litigation, the Court may issue an order requiring a litigant to seek permission from a district court prior to filing future suits. A pre-filing review order may be imposed if:

> (1) plaintiff is given adequate notice to oppose a restrictive pre-filing order before it is entered;

> (2) the court provides an adequate record for review, including a list of all the cases and motions that led the court to conclude that a vexatious litigant order was needed;

(3) the court makes substantive findings as to the frivolous or harassing nature of the litigant's actions and;

(4) the court order is narrowly tailored. (Citing DeLong v. Hennessey, supra, 912 F.2d at 1147-48).

In the case at bar, plaintiff has been given adequate notice of this motion to request this court impose a restrictive pre-filing order before it is entered. There is a court record in the Lipkis case consisting of the two motions and motion for reconsideration, in the Greenstein case consisting of two separate adversary actions all resulting in the Court looking at the same allegations in those actions as now being presented and determining on the record in favor of this moving defendant. Those favorable rulings included two without leave to amend. Finally, there is the State Court case which was also ruled in favor of this answer defendant where once again, defendant Wolvek had to respond to another court concerning the same facts and issues after plaintiff filed in that venue hoping to get a more favorable result than she did in the United States Bankruptcy Court.

Now once again, over 4 ½ years from the entry of the stipulation for relief in a property dumping case, defendant Wolvek must address these exact same allegations resulting from a partial reversal of Judge Ahart's ruling as to Wells Fargo alone - not as to this moving defendant. (SEE declaration of Steven A. Wolvek, paragraph 11).

IV.

CONCLUSION

For the reasons set forth hereinabove, it is respectfully requested as follows:

1.     The Court find in favor of Defendant's motion that this present action fails to state a claim upon which relief can be granted and dismiss the complaint without leave to amend;

2.     The Court find in favor of Defendant's motion that this complaint is barred as to this defendant by the doctrine of res judicata;

3.     The Court find in favor of Defendant's motion and enters a pre-filing order that restricts plaintiff from filing any further adversary actions or motions against this defendant based upon the same or similar facts and/or issues without first obtaining leave of court and posting security to cover defendant's fees and costs.

Dated: March 20, 2016

LAW OFFICES OF STEVEN A. WOLVEK

BY: STEVEN A. WOLVEK
Appearing in Pro Se

Notice of Motion and Motion to Dismiss and find Plaintiff a Vexatious Litigant

## DECLARATION OF STEVEN A. WOLVEK

I, STEVEN A. WOLVEK, if called as a witness would and could testify to the following facts from my own personal knowledge:

1.    I am a licensed attorney duly admitted to practice law in all Courts in the State of California and in the Central, Northern and Eastern Districts of California. I was the attorney for debtor Roger Lipkis in case number 1:11-23430-MT.

2.    Exhibit "A" is a true and accurate copy of the grant deed provided my office showing the alleged transfer of Plaintiff's ownership interest in the Llano property to debtor/defendant Roger Lipkis.

3.    Exhibit "B" is a true and accurate copy of the stipulation for relief from stay entered into between myself as attorney for debtor/defendant Lipkis and the attorney representing Wells Fargo Bank.

4.    Exhibit "C" is a true and accurate copy of the order denying Plaintiff's motion for reconsideration to set aside the relief from stay in the Lipkis case and to have me found in contempt of court for its submission.

5.    Exhibit "D" is a true and accurate copy of the October 22, 2012 Order granting my motion to dismiss adversary complaint for failure to state a claim upon which relief could be granted without leave to amend.

6.    Exhibit "E" is a true and accurate copy of the December 26, 2012 Order granting my motion to dismiss (the second) adversary complaint for failure to state a claim upon which relief could be granted without leave to amend.

7.    Exhibit "F" is a true and accurate copy of the State Court docket when Plaintiff sued me in Los Angeles Superior Court, Northwest District and noting my demurrer was sustained as to Plaintiff's amended complaint.

8.    Exhibit "G" is a true and accurate copy of the Notice of Sale of the Llano property.

9.    The motion to set aside relief from stay filed in the Lipkis case, the motion for contempt filed in the Lipkis case, the two adversary actions filed before Judge Ahart referenced in paragraphs 5 and 6 and the State Court complaint referenced in paragraph 7 all involved the same

1    parties, the same or similar facts all arising from the stipulation for relief from the automatic stay

2    (Exhibit "B") and which were heard by three separate judges over a course of then 2 years all with

3    a similar result as it relates specifically to me personally. The complaints were not attached to show

4    this similarity of issues or facts due to their size.

5          10.     None of the above mentioned findings by either the bankruptcy court or the State

6    Superior Court were ever successfully appealed to any court as it relates to me personally.

7          11.     Now once again, over 4 ½ years from the entry of the stipulation for relief in a

8    property dumping case  I am forced to spend time and money and file this motion to dismiss for a

9    fifth time (four times counting the two motions filed before Judge Ahart, once in the Superior Court

10   and now once again in this proceeding. The other time was filing a response and appearing at the

11   motions filed in Judge Tighe's courtroom). Based upon Plaintiff's pattern of repeated filings I

12   request the court find her a vexatious litigant and impose a restriction as requested in the motion on

13   any future filing against me by this Plaintiff as it relates to these facts and issues.

14         I declare under the penalty of perjury that the foregoing is true and correct.

15         Executed this 20th day of March, 2016 in Calabasas, California

16

17

18         STEVEN A. WOLVEK

19

20

21

22

23

24

25

26

27

28

Notice of Motion and Motion to Dismiss and find Plaintiff a Vexatious Litigant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

5023 N. Parkway Calabasas, Calabasas, CA 91302

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND FOR AN ORDER RESTRICTING PLAINTIFF FROM FILING ANY NEW LITIGATION WITHOUT LEAVE OF THE COURT; DECLARATION OF STEVEN A. WOLVEK IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 21, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| Nancy Zamora   zamora3@aol.com<br>U.S. Trustee (UST)  ustpregion16.wh.ecf@usdoj.gov | Toriana Holmes  tsh@severson.com |
|---|---|

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **March 21, 2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
Laurel Greenstein
17639 Sherman Way, Suite A-35
Van Nuys, CA 91406

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **March 21, 2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
The Honorable Judge Martin Barash, United States Bankruptcy Judge

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 21, 2016 | Steven A. Wolvek | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.