1   Dean A. Reeves (SBN 150558)
      dreeves@afrct.com
2   Robert A. Bailey (SBN 214688)
      rbailey@afrct.com
3   ANGLIN FLEWELLING RASMUSSEN
      CAMPBELL & TRYTTEN, LLP
4   199 South Los Robles Avenue, Suite 600
5   Pasadena, California 91101-2459
    Tel: (626) 535-1900 | Fax: (626) 577-7764
6
7   Attorneys for Defendants
    WELLS FARGO BANK, N.A., DEAN
8   REEVES; ROBERT LITTLE; ROBERT
    BAILEY; AND JOHN STUMPF
9

10              UNITED STATES BANKRUPTCY COURT

11       CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO DIVISION

12

| 13  In re | Case No.: 1:12-bk-15099-MB |
|---|---|
| 14  LAUREL GREENSTEIN, | CHAPTER 7 |
| 15              Debtor. | Adv. Case No.: 1:15-ap-01220-MB |
| 16 | *[Assigned to the Honorable Martin R.* |
| 17 | *Barash]* |
| 18  LAUREL GREENSTEIN, | **DEFENDANTS' NOTICE OF MOTION** |
| 19              Plaintiff, | **AND MOTION TO DISMISS FIRST** **AMENDED ADVERSARY COMPLAINT;** |
| 20        v. | **MEMORANDUM OF POINTS AND** **AUTHORITIES** |
| 21 | *[Filed concurrently with Request for Judicial* |
| 22  WELLS FARGO BANK, N.A.; ROGER | *Notice; and Motion to Strike and for* |
| 23  LIPKIS; STEVEN WOLVEK; DEAN | *Monetary Sanctions]* |
|     REEVES; MARISOL NAGATA; ROBERT | |
| 24  LITTLE; ROBERT BAILEY; JOHN | Date:    TBD |
|     STUMPF; ROBERT LINDAMAN; MARTY | Time:    TBD |
| 25  A. DURAN; PATRICIA M. DURAN; THE | Ctrm.:   303 |
|     DURAN FAMILY TRUST; DOES 1 | |
| 26  THROUGH 10, | |
| 27              Defendants. | |
| 28 | |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  TO PLAINTIFF, IN PRO PER:

2      PLEASE TAKE NOTICE that on _____, 2016, at _____, in Courtroom

3  303 of the above-entitled Court, located at 21041 Burbank Boulevard, Woodland Hills,

4  California 91367, Defendants Wells Fargo Bank N.A., successor by merger with Wells Fargo

5  Bank Southwest, N.A., formerly known as Wachovia Mortgage FSB, formerly known as World

6  Savings Bank, FSB, Dean Reeves, Robert Little, Robert Bailey, and John Stumpf (hereinafter

7  collectively referred to as the "Wells Fargo Defendants"), will move to dismiss each claim for

8  relief set forth in Plaintiff's First Amended Adversary Complaint ("FAC") pursuant to Federal

9  Rules of Civil Procedure 12(b), as incorporated by Bankruptcy Rule 7012.

10      Grounds for the Motion are that Plaintiff's claims are barred by the res judicata, the

11  alleged conduct is protected by the litigation privilege, the FAC fails to state sufficient facts to

12  state a claim, the claims are barred by the statute of limitations, and Plaintiff's bankruptcy

13  discharge renders the Court without jurisdiction to decide this case.

14      This Motion is based on this Notice, the Memorandum of Points and Authorities, the

15  FAC, the accompanying Request for Judicial Notice, and on the Wells Fargo Defendants'

16  argument at the hearing.

17                          Respectfully submitted,

18  Dated:  March 21, 2016            ANGLIN FLEWELLING RASMUSSEN

19                          CAMPBELL & TRYTTEN, LLP

20

21                          By:  _____/s/ *Dean A. Reeves*_____

22                             Dean A. Reeves

23                          Attorneys for Defendants
                        WELLS FARGO BANK, N.A., DEAN REEVES;
                        ROBERT LITTLE; ROBERT BAILEY; AND

24                          JOHN STUMPF

25

26

27

28

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES...................................................1

I.      INTRODUCTION.............................................................................................1

II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................1

    A.      The Loan And Deed Of Trust .................................................................2

    B.      First Notice Of Trustee's Sale................................................................2

    C.      Plaintiff's First Civil Case In The California Superior Court .............2

    D.      Bankruptcy Filings By Other Parties With Alleged Interest In
        The Property..............................................................................................3

    E.      Second Notice Of Trustee's Sale ...........................................................4

    F.      Greenstein Bankruptcy Case ..................................................................4

    G.      Sale Of Property.......................................................................................4

    H.      First Adversary Complaint .....................................................................4

    I.      Second Adversary Complaint .................................................................4

    J.      Second Civil Action Before California Superior Court........................4

    K.      Plaintiff's Bankruptcy Discharge...........................................................5

    L.      Third (This) Adversary Complaint ........................................................5

III.    PLAINTIFF STILL DOES NOT SATISFY BASIC PLEADING
      REQUIREMENTS .........................................................................................6

IV.     PLAINTIFF'S ENTIRE COMPLAINT HINGES ON AN
      IMPROPER COLLATERAL ATTACK ON A FINAL ORDER AND
      IS BARRED BY RES JUDICATA................................................................7

V.      PLAINTIFF'S CLAIMS ARE BARRED BY THE LITIGATION
      PRIVILEGE ..................................................................................................11

VI.     PLAINTIFF'S INDIVIDUAL CLAIMS REMAIN FLAWED...................14

    A.      Plaintiff Cannot State A Claim For Violation Of The Automatic
        Stay...........................................................................................................14

    B.      Plaintiff Still Does Not Plead Actual or Constructive Fraud.............15

    C.      Plaintiff Cannot Maintain A Claim For Intentional Infliction Of
        Emotional Distress ..................................................................................17

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO.: 1:15-ap-01220-MB
TABLE OF CONTENTS

D.    Neither Perjury Nor Offering False Evidence Are Private
Causes Of Action ............................................................................ 17

E.    Plaintiff Quiet Title Claim Is Not Directed At Wells Fargo ............... 18

VII.    CONCLUSION .......................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*Amerisource Bergen Corp. v. Dialysist West, Inc.*,
    465 F.3d 946 (9th Cir. 2006) ....................................................................19

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...............................................................................6, 7

*Bell Atlantic v. Twombly*,
    550 U.S. 544 (2007)...............................................................................6, 7

*Carnacchi v. Bank of America*,
    585 Fed.Appx. 414 (9th Cir. 2014)..........................................................10

*In re Bottcher*,
    441 B.R. 1 (Bankr. D. Mass. 2010) ...........................................................3

*In re Casamont Investors Ltd.*,
    196 B.R. 514 (9th Cir. BAP 1996).............................................................5

*Commissioner v. Sunnen*,
    333 U.S. 591 (1948).................................................................................10

*Ghomeshi v. Sabban (In re Sabban)*,
    600 F.3d 1219 (9th Cir. 2010) .................................................................15

*In re Grantham Bros.*,
    922 F.2d 1438 (9th Cir. 1991) ...................................................................9

*Johannson v. Wachovia Mortg. FSB*,
    2011 U.S. Dist. LEXIS 86692 (N.D. Cal. Aug. 5, 2011)..........................16

*In re Lenz*,
    448 B.R. 832 (Bankr. D. Or. 2011)............................................................3

*Levy v. San Joaquin County Dep't of Child Support Servs.*,
    2013 U.S. Dist. LEXIS 64526 (N.D. Cal. May 6, 2013) ..........................18

*Najarro v. Wollman*,
    2012 U.S. Dist. LEXIS 75032 (N.D. Cal. May 30, 2012) ........................18

*Trang Che v. Aurora Loan Servs., LLC*,
    847 F.Supp. 2d 1205 (C.D. Cal. 2012) ...............................................13, 14

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Tsu v. Tracy Fed. Bank,*
    1999 App. LEXIS 3474, *5 (9th Cir. 1999) .................................................13

*Wabakken v. Cal. Dep't of Corr. & Rehab.,*
    801 F.3d 1143 (9th Cir. 2015) .................................................10

**STATE CASES**

*Bogard v. Employer's Cas. Co.,*
    164 Cal.App.3d 602 (1985) .................................................17

*Dove Audio v. Rosenfeld, Meyer & Susman,*
    47 Cal.App.4th 777 (1996) .................................................13

*Girard v. Ball,*
    125 Cal.App.3d 772 (1981) .................................................17

*Jacob B. v. County of Shasta,*
    40 Cal.4th 948 (2007) .................................................18

*Keidatz v. Albany,*
    39 Cal.2d 826 (1952) .................................................10

*Lazar v. Superior Court,*
    12 Cal.4th 631 (1996) .................................................15

*Peterson Development Co. v. Torrey Pines Bank,*
    233 Cal.App.3d 103 (1991) .................................................16

*Sacramento Brewing Co. v. Desmond,*
    75 Cal.App.4th at 1091 .................................................13

*Silberg v. Anderson,*
    50 Cal.3d 205 (1990) .................................................13

*Younan v. Equifax Inc.,*
    111 Cal.App.3d 498 (1980) .................................................16

*Yu v. Signet Bank,*
    69 Cal.App.4th 1377 (1999) .................................................17

**FEDERAL STATUTES**

11 U.S.C. § 362(d)(4) .................................................3

11 U.S.C. § 362(d)4(A) and (B) .................................................3

18 U.S.C. § 1621 .................................................18

1

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STATE STATUTES**

Cal. Civ. Code § 47..............................................................................................................13, 18

Cal. Civ. Code § 47(b)...................................................................................................................13

Cal. Civ. Code § 47(b)...................................................................................................................13

Cal. Civ. Code § 1573....................................................................................................................16

Cal. Civ. Proc. Code § 335.1.........................................................................................................17

Cal. Civ. Proc. Code § 338(d).......................................................................................................16

Cal. Civ. Proc. Code § 761.020(c)................................................................................................18

**RULES**

Fed. R. Bankr. P. 9011(a)...............................................................................................................9

Fed. R. Evid. 201.............................................................................................................................3

1                     **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.       INTRODUCTION**

3          To call Plaintiff's latest Complaint confusing and confused would be generous.  As

4   pointed out in the accompanying Motion to Strike and for Monetary Sanctions, Plaintiff is on a

5   never ending quest to litigate issues that have already been decided or are completely baseless.

6   Undeterred by repeated dismissals with prejudice and determinations of finality, she continues to

7   assert invalid claims.  She couples those with newly manufactured allegations that have no basis

8   in fact or law.  The instant Complaint can fare no better than her four others.

9          Wells Fargo Bank, N.A. ("Wells Fargo"), the lender and beneficiary under the Deed of

10  Trust, properly conducted a trustee's sale, obtained title to the subject property, and then brought

11  an action to obtain possession.  Wells Fargo's conduct on which the claims in the FAC are based,

12  arises solely from documents filed in various court proceedings and statements made by counsel

13  during court hearings in these actions.  Not satisfied with merely suing Wells Fargo, she also

14  includes every lawyer who has represented Wells Fargo in the litigation, accusing them of fraud

15  and participation in a wide ranging conspiracy that includes John Stumpf, the CEO of Wells

16  Fargo's parent, Wells Fargo & Company.

17         After so many tries, it should now be clear that Plaintiff simply cannot state a claim.

18  Wells Fargo's foreclosure was proper because there was no automatic stay in place.  Her suit

19  against Wells Fargo's attorneys is not only improper, it is malicious and an abuse of process.

20  Plaintiff's First Amended Adversary Complaint ("FAC") should be dismissed with prejudice.

21  **II.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

22         The factual background of this matter is not terribly complicated.  In sum: Plaintiff

23  defaulted on her mortgage loan.  Wells Fargo began the foreclosure process.  Plaintiff tried to bar

24  the foreclosure with a civil action.  When that failed, she apparently attempted to hi-jack the

25  bankruptcy of a third party, Roger Lipkis ("Lipkis") by transferring title to him.  Having seen

26  that scheme in countless other cases, Wells Fargo secured a stipulation and order from the

27  bankruptcy court in the Lipkis bankruptcy for in rem relief from the bankruptcy stay.  Based on

28  that order, Wells Fargo eventually completed the foreclosure on Plaintiff's property.

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

1   Plaintiff through her never-ending, vehement, and yet unconvincing, denial of

2   involvement in the creation of the grant deed to Lipkis has created a convoluted procedural

3   history requiring considerable elaboration and document review to piece together.

4   **A.**    **The Loan And Deed Of Trust**

5   Prior to the commencement of her bankrutpcy proceeding, Plaintiff had owned the

6   property located at 5160 Llano Drive, Woodland Hills, California (the "Property").  (FAC, p. 9, ¶

7   1.)  On or about January 19, 2007, Plaintiff executed a written Note for value and delivered it to

8   World Savings Bank, FSB ("World Savings").[1]  Per the terms of the Note, Plaintiff promised to

9   pay World Savings the principal sum of $510,000.00, beginning with payments on or about

10  March 1, 2007, and continuing until paid in full.  As security for the Note, on or about January

11  19, 2007, Plaintiff executed a Deed of Trust, which encumbered the Property, which was

12  recorded on January 30, 2007.  (Request for Judicial Notice ("RJN"), Ex. A.)  World Savings

13  was listed as the beneficiary under the Deed of Trust.  Golden West Savings Association Co., a

14  California Corporation ("Golden West"), was listed as the Trustee.  *Id.*

15  Due to a default under the agreement, a Notice of Default was issued by Cal-Western

16  Reconveyance Corporation ("Cal-Western") as agent for the lender on July 22, 2011.  (RJN, Ex.

17  B.)  The Notice of Default was recorded on July 25, 2011.  On August 17, 2011, Wells Fargo

18  executed a Substitution of Trustee.  (RJN, Ex. C.)  This document substituted Cal-Western as the

19  new trustee on the Deed of Trust.  The Substitution of Trustee was recorded on September 12,

20  2011. *Id.*

21  **B.**    **First Notice Of Trustee's Sale**

22  On October 26, 2011, a Notice of Trustee's sale was issued by Cal-Western.  The

23  foreclosure sale was to occur on November 15, 2011, at 9:00 a.m.  (RJN, Ex. D.)  The Notice of

24  Trustee's Sale was recorded on October 26, 2011.  *Id.*

25  **C.**    **Plaintiff's First Civil Case In The California Superior Court**

26  Plaintiff filed her first action to prevent Wells Fargo from foreclosing in the Los Angeles

27

28  [1] World Savings is now known as Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, N.A., successor by merger to World Savings Bank, FSB.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    County Superior Court on October 31, 2011.  (RJN, Ex. E.)  The court sustained Wells Fargo's

2    Demurrer to the Complaint without leave to amend and judgment was entered for Wells Fargo

3    on December 6, 2012.  (RJN, Ex. E.)

4           **D.    Bankruptcy Filings By Other Parties With Alleged Interest In The Property**

5           On or about October 10, 2011, Plaintiff appeared to have executed a Grant Deed giving

6    title in the Property to Lipkis.  (RJN, Ex. G.)  The face of the Grant Deed indicated it was

7    recorded on November 10, 2011.  *Id.*

8           On November 18, 2011, Lipkis filed a Chapter 13 Bankruptcy Case in this Court, Case

9    No. 1:11-bk-23430-MT (the "Lipkis Proceeding").  (RJN, Ex.H; Bky. Dkt. # 1.)[2]  Wells Fargo

10   and Lipkis subsequently entered into a Stipulation to Modify/Terminate the Automatic Stay and

11   Extraordinary Relief as to the Property due to the transfer of the Property being part of a scheme

12   to delay, hinder and otherwise seek to interfere with Wells Fargo's rights to enforce its state law

13   remedies in connection with the Property pursuant to 11 U.S.C. § 362(d)(4).  (RJN, Ex. I.)  Wells

14   Fargo and Lipkis also stipulated that the Order would be recorded in compliance with applicable

15   state laws governing notices of interest or liens in the Property, the Order would be binding and

16   effective under 11 U.S.C. § 362(d)4(A) and (B) in any other bankruptcy case purporting to affect

17   the Property and filed not later than two (2) years after the date of entry of the Order.  *Id.*  An

18   Order (the "In Rem Relief Order") was entered on March 19, 2012.  (Lipkis Proceeding, Bky.

19   Dkt. # 30.)  The In Rem Relief Order was subsequently recorded on March 28, 2012.  (FAC, Ex.

20   I.)

21          In August 2012, Plaintiff filed several motions seeking to reverse the In Rem Relief

22   Order, and sought an order for contempt against the parties involved in obtaining the In Rem

23   Relief Order.  (Lipkis Proceeding, Bky. Dkt. #'s 43, 44 and 45.)  All these motions were denied

24   by Judge Tighe.  (Lipkis Proceeding, Bky. Dkt. #'s 50, 51 and 52.)  Plaintiff subsequently filed

25   an "emergency motion" to vacate the In Rem Relief Order based on allegations of fraud.  (Lipkis

26

27   [2] A bankruptcy court, in adjudicating a motion to dismiss an adversary proceeding, may properly
     take judicial notice of any documents filed in the main bankruptcy case.  *In re Lenz*, 448 B.R.
28   832, 833 (Bankr. D. Or. 2011) (citations omitted); *In re Bottcher*, 441 B.R. 1, 4 (Bankr. D. Mass.
     2010) (citations omitted); Fed. R. Evid. 201.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  Proceeding, Bky. Dkt. # 56.)  That motion was also denied by the bankruptcy court.  (Lipkis

2  Proceeding, Bky. Dkt. # 57.)  Plaintiff failed to file an appeal as to any of these rulings.

3      **E.**    **Second Notice Of Trustee's Sale**

4      On May 8, 2012, a second Notice of Trustee's Sale was issued by Cal-Western, and

5  recorded on May 14, 2012.  (RJN, Ex. J.)  The foreclosure sale was to occur on June 4, 2012, at

6  9:00 a.m.  *Id.*

7      **F.**    **Greenstein Bankruptcy Case**

8      On May 31, 2012 nearly two months after the In Rem Relief Order was entered against

9  her Property, Plaintiff filed the underlying Bankruptcy case as a Chapter 7 in this Court, Case

10  No. 1:12-bk-15099-AA.  (Greenstein Bky. Dkt. # 1.)

11      **G.**    **Sale Of Property**

12      Pursuant to the In Rem Relief Order, there was no Automatic Stay in effect on the

13  Property, thus, the Property was sold at the foreclosure trustee's sale to Wells Fargo on July 11,

14  2012.  The Trustee's Deed Upon Sale was recorded on November 13, 2012.  (RJN, Ex. K.)

15      **H.**    **First Adversary Complaint**

16      On August 20, 2012, Debtor filed the initial Adversary Complaint, Case No. 1:12-ap-

17  01300.  (1st Adv. Dkt. # 1.)  In response to Wells Fargo's Motion to Dismiss, on November 1,

18  2012, the Court issued an Order granting the Motion, without leave to amend, finding that

19  Plaintiff had no standing to bring the Complaint.  (1st Adv. Dkt. # 22.)

20      **I.**    **Second Adversary Complaint**

21      On October 24, 2012, Plaintiff filed a second Adversary Complaint against Wells Fargo,

22  and other defendants, seeking the same relief.  (Case No. 1:12-ap-01379; 2nd Adv. Dkt. # 1.)

23  Once again, Wells Fargo filed a Motion to Dismiss the second Adversary Complaint.  (2nd Adv.

24  Dkt. # 10.)  However, a few days before the hearing on Wells Fargo's Motion to Dismiss,

25  Plaintiff dismissed her SAC.  (2nd Adv. Dkt. # 28.)

26      **J.**    **Second Civil Action Before California Superior Court**

27      On January 2, 2013, Plaintiff initiated another superior court action against Wells Fargo

28  and various attorneys for Wells Fargo and Lipkis.  After a number of demurrers and

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    amendments, Plaintiff filed her Second Amended Complaint on August 15, 2013.  There she

2    alleged claims for intentional infliction of emotional distress, fraud, conspiracy, breach of

3    contract, and slander of title.  (RJN, Ex. L.)  She based all these claims on the same challenge to

4    the In Rem Relief Order and the manner in which it was obtained as she asserts here.

5         Wells Fargo's demurrer to that Second Amended Complaint was sustained without leave

6    to amend.  (RJN, Ex. M.)  Judgment was then entered in Wells Fargo's favor.  (RJN, Ex. N.)

7         **K.    Plaintiff's Bankruptcy Discharge**

8         Plaintiff received a Chapter 7 discharge on September 29, 2015.  (Dkt. # 133).  There is

9    therefore, no longer an active bankruptcy estate or petition underlying this FAC.

10        **L.    Third (This) Adversary Complaint**

11        The instant adversary action was commenced on October 6, 2015 – a week after

12   receiving her discharge.[3]

13        In that original Complaint, Plaintiff alleged claims for violation of various bankruptcy

14   rules, fraud, violation of the automatic stay, perjury and sought to have various orders previously

15   issued by the bankruptcy court ruled void.  On December 15, 2015, the Court issued an Order

16   granting Wells Fargo's Motion to Dismiss the Complaint, in its entirety, but provided Plaintiff

17   with leave to amend.  (3rd Adv. Dkt. # 13.)  Plaintiff filed her First Amended Adversary

18   Complaint ("FAC") on February 19, 2016.  (3rd Adv. Dkt. # 30.)

19        In addition to her failure to correct the deficiencies in the prior pleading as pointed out in

20   the Court's order, Plaintiff has decided to up the ante, and in addition to Wells Fargo, Plaintiff

21   has decided to name Wells Fargo's counsel, Wells Fargo's CEO, Roger Lipkis, Mr. Lipkis'

22   attorney, as wells as the third party purchasers of the Property as defendants to this action.

23   While some of the parties to the litigation are new, Plaintiff's allegations are not.  Once again,

24   Plaintiff's latest pleading asserts the same arguments and claims that have been repeatedly

25

26   _____

[3] In its prior Motion to Dismiss, Wells Fargo argued that the Court should decline to exercise
27   jurisdiction over an action that can have no impact on the bankruptcy given the discharge.  (See
AP Dkt. # 5; *see In re Casamont Investors Ltd.*, 196 B.R. 514, 521 (9th Cir. BAP 1996).).  The
28   Court's Order did not address that point and implicitly denied the Motion on that ground when it
granted Plaintiff leave to amend.

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

1    rejected by the bankruptcy and state courts over the last four years.  Most importantly, for the

2    purpose of the instant Motion, the claims against the Wells Fargo Defendants are entirely based

3    on conduct by the parties that took place during a judicial proceeding.  The applicable law

4    clearly holds that all such actions are privileged, and thus cannot serve as the basis for liability

5    against the Wells Fargo Defendants.

6        The allegations in the FAC suffer from the same defects previously noted in the Court's

7    prior rulings.  Thus, Plaintiff's latest attempt to find fault in the non-judicial foreclosure on the

8    Property should once again be rejected, and the Wells Fargo Defendants' Motion to Strike the

9    state law claims in the FAC should be granted, in its entirety, without leave to amend.

10   **III.    PLAINTIFF STILL DOES NOT SATISFY BASIC PLEADING REQUIREMENTS**

11       In granting the last motion to dismiss, the Court advised Plaintiff against referring to all

12   defendants collectively as such allegations make it impossible to determine which defendant is

13   alleged to have done what.  (Dkt. # 13 at pp. 2-3).  Plaintiff ignored that guidance and continues

14   to refer to the defendants as if they were one undifferentiated unit.

15       Plaintiff continues to profess her innocence in the creation of the Lipkis Grant Deed.

16   Although she was the only person who could benefit from the engagement in the well-known

17   scheme of bankruptcy hi-jacking, she denies any involvement.  Instead, she asserts that John

18   Stumpf, CEO of the holding company for one of the largest bank in the United States, personally

19   participated in a scheme to manufacture a grant deed to transfer title of the Property to Lipkis.

20   This allegation is so implausible as to warrant dismissal under *Bell Atlantic v. Twombly*, 550

21   U.S. 544, 556-57 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

22       Why would Wells Fargo want title transferred to Lipkis in February 2012?  It was

23   proceeding to foreclosure without the impediment of a bankruptcy.  (See FAC, ¶ 55).  That

24   foreclosure was derailed by the Lipkis Grant Deed and notice that he was in bankruptcy.  (*Id.*).

25   Plaintiff herself was not in bankruptcy at the time.  Under Plaintiff's theory, instead of simply

26   proceeding to foreclosure, Wells Fargo conspired to create a fake grant deed for someone who

27   was in bankruptcy which required it to delay the foreclosure and seek an Order for Relief from

28   Stay.  This theory is not remotely plausible and fails to state a claim under *Bell Atlantic* and

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  *Ashcroft.*

2  **IV.    PLAINTIFF'S ENTIRE COMPLAINT HINGES ON AN IMPROPER**

3  **COLLATERAL ATTACK ON A FINAL ORDER AND IS BARRED BY RES**

4  **JUDICATA**

5        Depending upon how one counts them, this is at least the sixth attempt by Plaintiff to

6  challenge Wells Fargo's right to foreclose and the In Rem Relief Order.  Each of those instances

7  were decided against her, yet she continues to assert the same claims in the instant Complaint.

8        Plaintiff's list of failed litigation efforts are detailed more thoroughly in the

9  accompanying Motion to Strike and for Monetary Sanctions.  For the current purposes, they can

10  be summarized as follows.

| | ACTION | FILING DATE | CLAIMS/MOTIONS | DISPOSITION |
|---|---|---|---|---|
| 1. | *Greenstein v. Cal-Western, Wells Fargo, et al.* (the "First Civil Action"), Los Angeles Superior Court Case No. LC095160. | 10/31/11; FAC 1/12/12. | • Fraud and Promissory Estoppel (based on a purported promise not to foreclose); <br> • Declaratory Relief and UCL Violations (challenging Wells Fargo's right to foreclose). | Dismissed with prejudice; Judgment for Wells Fargo entered 12/6/12. |
| 2. | *In re Lipkis,* Northern District Bankruptcy Case No. 11-bk-23430. | 8/14/12; related Motion for Contempt filed 8/20/12. | • Motion to Reverse Order Granting In Rem Relief from Stay and Motion to Hold Wells Fargo in Contempt. | Denied 12/4/12. |
| 3. | *Greenstein v. Wells Fargo* | 8/20/12. | • In Rem Relief from | Dismissed |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

| | | | | |
|---|---|---|---|---|
| | (the First Adversary Proceeding), Northern District Bankruptcy Case No. 12-ap-1300. | | Stay Order issued in Lipkis Bankruptcy was invalid and Wells Fargo violated automatic stay in Greenstein Bankruptcy by proceeding to foreclosure. | without leave to amend for lack of standing 10/24/12. |
| 4. | *Greenstein v. Wells Fargo* (the Second Adversary Proceeding), Northern District Bankruptcy Case No. 12-ap-1379. | 10/24/12. | • In Rem Relief from Stay Order issued in Lipkis Bankruptcy was invalid and Wells Fargo violated automatic stay in Greenstein Bankruptcy by proceeding to foreclosure.<br>• Appeal to BAP, Case No. CC-14-1392. | Dismissed without leave to amend, 12/26/12 and 12/27/12 as to some defendants; voluntarily dismissed Wells Fargo without prejudice 12/28/12.[4] Appeal dismissed 2/26/15 for Greenstein's failure to respond to Court Order. |
| 5. | *Greenstein v. Wells Fargo, et al.* (the "Second Civil | 1/2/13; FAC 4/16/13; | • Intentional Infliction of Emotional Distress, | Wells Fargo's Demurrer to SAC |

[4] The bankruptcy court initially issued an Order granting Wells Fargo's Motion to Dismiss without leave to amend on 2/7/14, but later vacated that Order due to Plaintiff's earlier filing of a Notice of Dismissal. [Dkt. # 65.]

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

| | | | | |
|---|---|---|---|---|
| Action"), Los Angeles Superior Court Case No. LC099392. | SAC 8/15/13. | Fraud, Breach of Contract, Conspiracy, and Slander of Title all in connection with the In Rem Relief Order and the subsequent foreclosure. | sustained without leave to amend 12/20/13; Judgment for Wells Fargo entered 1/23/14. |
| 6. *In re Lipkis,* Northern District Bankruptcy Case No. 11-bk-23430. | 4/15/13. | • Emergency Motion to Vacate In Rem Relief Order. | Denied 4/16/13. |
| 7. *In re Greenstein,* Northern District Bankruptcy Case No. 12-bk-15099. | 12/27/13. | • Motion to Set Aside Foreclosure. | Denied 3/5/14; reversed on Appeal 2/8/16.[5] |

The issue of the validity of the foreclosure has been fully, finally and thoroughly litigated – repeatedly. Plaintiff's attempt to re-litigate them yet again here is an improper collateral attack on the prior rulings and barred by *res judicata.*

<u>Collateral Attack</u>

A complaint which amounts to an unjustified and improper collateral attack on a final order not only should be dismissed but warrants the imposition of sanctions pursuant to Bankruptcy Rule 9011(a). *See In re Grantham Bros.,* 922 F.2d 1438, 1440 (9th Cir. 1991)

Plaintiff first sought to challenge the In Rem Relief Order in the Lipkis Proceeding (Item No. 2 in the chart above). Her Motions to Set Aside that Order were denied. She did challenge that ruling before the Court issuing the Order and did not appeal it. It therefore became final and binding. As the Court noted in its prior ruling on Wells Fargo's Motion to Dismiss the original Adversary Complaint, this Court cannot set aside or invalidate that final Order. Because all her

---

[5] The BAP reversed this ruling due to the Court's failure to articulate its reasoning for denying the Motion.

1    claims depend on a finding that the In Rem Relief Order was invalid, her FAC is an improper

2    collateral attack on that Order.

3        Res Judicata

4        Plaintiff's claims have been litigated *ad nauseum*.  Wells Fargo is left asking itself, how

5    many more times must it defeat Plaintiff's challenge to the foreclosure before it has some

6    measure of finality.  Any number of the above actions have preclusive effect and bar the instant

7    claim.

8        Res Judicata serves to bar re-litigation of claims and issues under a number of different

9    doctrines.  Res Judicata serves to bar re-litigation of claims fully and finally resolved between

10   the same parties or those in privity.  *Commissioner v. Sunnen*, 333 U.S. 591 (1948).  It serves to

11   bar "not only as to every matter which was offered and received to sustain or defeat the claim or

12   demand, but as to any other admissible matter which might have been offered for that purpose."

13   *Id.* [citation omitted].

14       Collateral estoppel, or issue preclusion, bars re-litigation of a finally resolved particular

15   issue as long as the party against whom the preclusion is asserted was a party to the prior action.

16   *Wabakken v. Cal. Dep't of Corr. & Rehab.*, 801 F.3d 1143, 1148 (9th Cir. 2015).  As long as the

17   issue was raised and actually litigated in the prior action, a party to that action may not raise it

18   again in a second proceeding.  *Id.*  "An issue is actually litigated when it is properly raised, by

19   the pleadings or otherwise, and is submitted for determination, and is determined."  *Id.* (internal

20   quotation omitted).

21       As noted above, Plaintiff's claims and the issue of the validity of the In Rem Relief Order

22   has been raised and actually litigated repeatedly.  The first instance was in the Lipkis Proceeding

23   (Item Nos. 2 and 6 in the chart above).  There Plaintiff brought a Motion to Set Aside the Order,

24   which was denied, and then a Motion to Reconsider that denial, which was also denied.  (RJN,

25   Ex. H.)  Thus, she raised the validity of the Order and it was actually litigated but decided

26   against her.  She then brought an Emergency Motion to Set Aside the In Rem Relief Order.  That

27   Motion too was denied.  The Orders denying Plaintiff's challenges to the In Rem Relief Order

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  became final when Plaintiff failed to appeal them and the doctrine of issue preclusion serves to

2  bar Plaintiff from re-litigating the validity of the Order here.

3      Second, the validity of the In Rem Relief Order was also fully and finally resolved when

4  Judge Ahart granted the Motions to Dismiss of Wells Fargo's co-defendants in the Second

5  Adversary Proceeding (Item No. 4 in the chart above).  There the moving defendants pointed out

6  that the In Rem Relief Order was a valid, final order and that Greenstein's challenges to it were

7  misguided and unavailing.  (Case 12-ap-01379, Dkt. #s 4 and 12).  The Court agreed and

8  dismissed all her claims against those defendants based on the invalidity of the Order.  (Case 12-

9  ap-01379, Dkt. #s 25 and 26).  Plaintiff also sought an injunction based on her challenge to the In

10 Rem Relief Order.  That too was denied.  Although Plaintiff originally appealed the dismissal of

11 her claims, her appeal was dismissed and the ruling became final.  Thus, the dismissal of claims

12 based on a challenge to the In Rem Relief Order as to the other defendants acts as *issue*

13 *preclusion* to any claim based on the alleged invalidity of the Order.

14      Finally, the judgment in favor of Wells Fargo in the Second Civil Action acts to

15 collaterally estop Plaintiff from reasserting the same claims in the instant case.  Each of the

16 claims she raises now either were or could have been raised in the Second Civil Action.  (RJN,

17 Ex. L.)  The order sustaining Wells Fargo's Demurrer to those claims acts as an adjudication on

18 the merits.  *Keidatz v. Albany*, 39 Cal.2d 826 (1952); *Carnacchi v. Bank of America*, 585

19 Fed.Appx. 414 (9th Cir. 2014).  All the current claims are barred on collateral estoppel grounds

20 as a result.

21 **V.    PLAINTIFF'S CLAIMS ARE BARRED BY THE LITIGATION PRIVILEGE**

22      The thrust of Plaintiff's claims is that Wells Fargo and its counsel, made false statements

23 or omissions of facts during various court proceedings or in connection therewith.  *See e.g.*, FAC

24 ¶¶ 5(F), 5(H), 20, 22, 28, 38, 39, 46, 52-56, 60, 62, 67-72, 74, 75, 77, 78.  Specifically, Plaintiff

25 asserts the following allegations:

26      1.    In the Lipkis Proceeding, Wells Fargo's counsel filed documents that allegedly

27 contained information that counsel knew was not accurate, and intentionally failed to provide

28 notice of the proceeding to Plaintiff.  (FAC, ¶¶ 20, 22, 28, 38-39.)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

2.      After Plaintiff commenced an action in state court, Wells Fargo's counsel allegedly stated to Plaintiff that Wells Fargo "would not engage in any actions, correspondence, or conversations outside of the lawsuit." (FAC, ¶ 46.)

3.      Wells Fargo's counsel allegedly "participated in the fraud" when he submitted the Lipkis Grant Deed at a proceeding in the state court action, and made representations to the Court about the Lipkis Grant Deed that were not true. (FAC, ¶¶ 52-55.)

4.      Wells Fargo's counsel filed documents with the state court in which the Lipkis Grant Deed was not mentioned. (FAC, ¶ 56.)

5.      During a proceeding in the state court action, Wells Fargo's counsel did not argue that the Lipkis Grant Deed was authentic or had been recorded. (FAC, ¶ 60.)

6.      In the Lipkis Proceeding, Wells Fargo's counsel participated in the "fraud and conspiracy" when the Stipulation to Modify/Terminate the Automatic Stay was submitted to the bankruptcy court. (FAC, ¶ 62.)

7.      In the Lipkis Proceeding, Wells Fargo's counsel allegedly failed to notify the Court that the Property was not listed in the bankruptcy, that Lipkis did not claim any interest therein, or that the Property was owned by Plaintiff. (FAC, ¶¶ 68-70.)

8.      In Plaintiff's bankruptcy, Wells Fargo's counsel allegedly made a representation to Plaintiff and the bankruptcy trustee that it would not attempt to gain possession of the Property until outstanding issues had been resolved. (FAC, ¶ 72.)

9.      Wells Fargo's counsel "participated in the fraud when they continued to, and continue to this day, to file documents with this court stating that plaintiff had transferred her property to Roger Lipkis and the purported Grant Deed had been filed with the County Recorder." (FAC, ¶ 74.)

10.     Wells Fargo's Opening Brief in Appeal filed by Plaintiff, contained assertions of fact but failed to "state who determined it or how it was determined." (FAC, ¶ 75.)

11.     During the oral argument on Plaintiff's Appeal, Wells Fargo's counsel was not sure whether the Lipkis Grant Deed has actually been recorded. (FAC, ¶¶ 77-78.)

In short, Plaintiff's claims are all based on Wells Fargo's acts and statements made in

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  connection with ongoing litigation.  Each of these claims are barred by the litigation privilege of

2  California Civil Code § 47.

3      Section 47(b) provides that "[a] privileged publication or broadcast is one made . . . in

4  any (1) legislative or (2) judicial proceeding . . . . " Cal. Civ. Code § 47(b).  Although originally

5  restricted to defamation actions, the privilege now is applied broadly and immunizes defendants

6  from tort liability for all torts except malicious prosecution.  *Silberg v. Anderson*, 50 Cal.3d 205,

7  211-12 (1990).  The privilege applies to "any communication (1) made in judicial or quasi-

8  judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the

9  objects of the litigation; and (4) that have some connection or logical relation to the action."

10  *Silberg*, 50 Cal.3d at 212; *see also Dove Audio v. Rosenfeld, Meyer & Susman*, 47 Cal.App.4th

11  777, 784 (1996) (statements made in the course of litigation are not actionable).

12      Plaintiff's fraud, constructive fraud, emotional distress, perjury, and submission of false

13  evidence claims for relief all arise out of statements that Wells Fargo or its lawyers made to the

14  Bankruptcy Appellate Panel, the bankruptcy court, or the state court, or conduct undertaken by

15  Wells Fargo in connection with the various legal proceedings that were initiated by Plaintiff.

16  Plaintiff cannot prevail on the state law claims because the conduct of which she complains is

17  protected under California Civil Code § 47(b)'s litigation privilege.  It is undisputed that

18  documents filed with the courts, statements made during court hearings, and communication

19  between Wells Fargo's counsel and Plaintiff were made in connection with either the bankruptcy

20  appeal, the Lipkis Proceeding, Plaintiff's own bankruptcy proceeding, including the adversary

21  actions, or during the state court action.  Therefore, these statements and acts are absolutely

22  privileged and cannot form the basis for a valid claim against Wells Fargo.  *Tsu v. Tracy Fed.*

23  *Bank*, 1999 App. LEXIS 3474, *5 (9th Cir. 1999) (claim that defendants conspired to defraud

24  plaintiffs during the course of plaintiffs' bankruptcy proceedings was barred by the litigation

25  privilege); *Sacramento Brewing Co. v. Desmond*, 75 Cal.App.4th at 1091 (litigation privilege

26  barred tort claims arising out of negligent statements made in the course of bankruptcy action).

27      The Court's analysis in *Trang Che* is instructive. 847 F.Supp. 2d at 1210. In that case, the

28  plaintiff alleged, *inter alia*, that the defendant misrepresented to the bankruptcy court that "it

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  held a deed of trust as to her property and that Aurora was the rightful creditor." *Id*. The court

2  granted the defendant lender's motion to dismiss, holding that "any misrepresentations allegedly

3  made to the bankruptcy court cannot form the basis of Ms. Che's UCL claim as such a claim

4  would be barred by the litigation privilege." *Id*. ("Aurora is entitled to absolutely immunity for

5  any alleged misrepresentations made to the bankruptcy court.").

6        Here, as in *Trang Che v. Aurora Loan Servs., LLC*, 847 F.Supp. 2d 1205 (C.D. Cal.

7  2012), Plaintiff asserts that Wells Fargo's counsel made false statements or misleading omissions

8  of fact in various documents filed with the appellate court, the bankruptcy court and the state

9  court, and at hearings that have occurred in various legal proceedings, in connection with a

10  mortgage loan, and Wells Fargo's non-judicial foreclosure on the Property.  Thus, as the court

11  reasoned in *Trang Che*, Plaintiff's claims are barred by the litigation privilege.  *Id*.

## VI.   PLAINTIFF'S INDIVIDUAL CLAIMS REMAIN FLAWED

13        Identifying Plaintiff's particular claims for relief is no mean feat.  The FAC presents a

14  hodge-podge of allegations without ever attempting to state the elements of a cause of action.  To

15  the extent any can be found, they are flawed.

16        The FAC asserts seven causes of action: 1) violation of the automatic stay against Wells

17  Fargo; 2) actual fraud against Wells Fargo, Stumpf, and several of Wells Fargo's attorneys:

18  Marisol Nagata ("Nagata"), Steven Wolvek ("Wolvek"); Dean Reeves ("Reeves"), Robert Little

19  ("Little"), and Robert Bailey ("Bailey"); 3) constructive fraud based on identical grounds as the

20  actual fraud claim against the same defendants; 4) intentional inflict of emotional distress against

21  all defendants; 5) quiet title against "unknown defendants;" 6) perjury against Reeves and

22  Bailey; and 7) offering false evidence against Nagata, Wolvek, Reeves, Little and Bailey.

### A.     Plaintiff Cannot State A Claim For Violation Of The Automatic Stay

24        As the Court noted in granting Wells Fargo's last Motion to Dismiss:

25        Section 362(k) of the Bankruptcy Code awards damages for willful violations
       of the automatic stay.  The Complaint alleges that Wells Fargo violated the
26        automatic stay in Plaintiff's bankruptcy case.  But there was no automatic stay
       as to the Property, in accordance with the terms of the RFS Order entered in
27        the Lipkis case.  As noted, the RFS Order included in rem relief under
       Bankruptcy Code section 362(d)(4).  Therefore, as to the Property, *there was*
28        *no stay in place for Wells Fargo to have violated*.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   (Dkt. # 13 at p. 5 (emphasis added).)  Nothing has changed.  The In Rem Relief Order meant that

2   Wells Fargo could not have violated the automatic stay in proceeding to foreclosure because

3   there was no automatic stay as to the Property.

4       Plaintiff's FAC blatantly disregards the Court's prior ruling and reasserts the same

5   defective claim.

6   **B.    <u>Plaintiff Still Does Not Plead Actual or Constructive Fraud</u>**

7       Plaintiff asserts identical claims for both actual and constructive fraud.  These are also

8   generally the same claims asserted in the prior Adversary Complaints and the Second Civil

9   Action.  In addition to the systemic defects identified above, both claims fail because they still do

10  not include the elements the Court told Plaintiff she had to provide when it ruled on the last

11  Motion to Dismiss.

12      The FAC presents a number of specific actions and some statements.  However, these

13  allegations remain flawed.  Plaintiff still does not identify statements of material fact, made to

14  her, upon which she relied to her detriment.  *Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219,

15  1222 (9th Cir. 2010); *Lazar v. Superior Court,* 12 Cal.4th 631, 638 (1996).

16      Plaintiff continues to allege that the Grant Deed supports a fraud claim.  (FAC, ¶¶ 48-52.)

17  However, as the Court previously held in granting the previous Motion to Dismiss, this is not a

18  misrepresentation of material fact by Wells Fargo to Plaintiff.  Indeed, it purports to be a

19  document signed by Plaintiff.  Her vehement denial of that fact establishes that she did not rely

20  on anything in the Grant Deed.

21      None of the other purported fraudulent statements fare any better.  She claims Reeves

22  showed her the Grant Deed.  (FAC, ¶ 53.)  She does not claim he made any false statements at

23  that time or that she relied on any such statements.  She goes so far as to admit that Reeves never

24  argued that the Grant Deed was legitimate.  (FAC, ¶ 60.)  She then references a May 31, 2012

25  email from Reeves to the trustee indicating that Wells Fargo would not take action to obtain

26  possession until the outstanding issues were resolved by stipulation or order.  (FAC, ¶ 72.)  Even

27  if this statement were not obviously protected by the litigation privilege, it would not support a

28  fraud claim because there is no allegation that it was not true.  Wells Fargo did not take action to

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    obtain possession (*i.e.*, an unlawful detainer judgment), until the trustee had abandoned any

2    interest in the Property.

3        As to Bailey and Little, Plaintiff claims that statements they made in the brief and oral

4    argument before the B.A.P. were false.  Of course, such statements are protected by the litigation

5    privilege.  But, even if they were not, Plaintiff does not claim to have detrimentally relied on any

6    of them.  Without a specific allegation of reliance, the fraud claims fails.

7        To state a claim for constructive fraud, the plaintiff must allege facts establishing: (1) a

8    fiduciary or confidential relationship; (2) nondisclosure; (3) intent to deceive; and (4) reliance

9    and resulting injury, *i.e.*, causation.  Cal. Civ. Code § 1573; *Younan v. Equifax Inc.*, 111

10   Cal.App.3d 498, 516 n. 14 (1980); *Johannson v. Wachovia Mortg. FSB*, 2011 U.S. Dist. LEXIS

11   86692, at *14-15 (N.D. Cal. Aug. 5, 2011).  Additionally, constructive fraud will lie only if the

12   defendant had a specific duty to disclose the fact in question.  *Peterson Development Co. v.*

13   *Torrey Pines Bank*, 233 Cal.App.3d 103, 116 (1991).

14       As a threshold matter, Plaintiff makes no effort to plead the elements of constructive

15   fraud.  She merely copied the same allegations of actual fraud into her constructive fraud claim.

16   She identifies no fact that Wells Fargo, or any other defendant, had a duty to disclose to her but

17   did not.  In short, she does not plead anything to support a constructive fraud claim.

18       In addition, most of Plaintiff's fraud claims are barred by the three-year statute of

19   limitations in California Code of Civil Procedure § 338(d).  She accuses the CEO of the multi-

20   billion dollar Wells Fargo & Co. of personally engaging in the creation of the Lipkis Grant Deed

21   sometime before February 10, 2012 for the purpose of depriving her of the $175,000 homestead

22   exception.  (FAC, ¶¶ 52, 88.)  In addition to being completely implausible on its face, this claims

23   became stale by February 10, 2015.  Because she did not file this action until October 6, 2015

24   this portion of the claim is time barred.

25       Similarly, her claim that Reeves participated in the fraud on February 10, 2012 means

26   that her fraud claim as to him is also stale.  (FAC, ¶¶ 55, 93.)  So too are any communications in

27   July 2012.  (FAC, ¶¶ 73, 109.)  Whatever claims Plaintiff is trying to manufacture here, it is time

28   barred and must be dismissed.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**C.**     **Plaintiff Cannot Maintain A Claim For Intentional Infliction Of Emotional Distress**

1

2     This is the same claim based on the same alleged injury raised in the Second Civil

3 Action. It was dismissed with prejudice and Plaintiff cannot re-litigate it now.

4     As with the fraud claims, this action is barred by the statute of limitations. This personal

5 injury action is subject to a two-year statute of limitations. Cal. Code of Civ. Proc. § 335.1. The

6 period began to run in 2012 when she learned of the Lipkis Grant deed. (FAC, ¶¶ 53, 117.) The

7 claim had long since expired by the time she filed this adversary action.

8     Moreover, Plaintiff's intentional infliction of emotional distress claim is also hopelessly

9 flawed in its failure to plead the required elements. The elements of a claim for intentional

10 infliction of emotional distress are: "(1) outrageous conduct by defendant; (2) intention to cause

11 or reckless disregard of the probability of causing emotional distress; (3) severe emotional

12 suffering; and (4) actual and proximate causation of the emotional distress." *Bogard v.*

13 *Employer's Cas. Co.*, 164 Cal.App.3d 602, 616 (1985).

14     To satisfy the "outrageous conduct" element, a plaintiff must plead conduct "so extreme

15 as to exceed all bounds of that usually tolerated in a civil community." *Yu v. Signet Bank*, 69

16 Cal.App.4th 1377, 1397 (1999). As a matter of law, "[a]n assertion of legal rights in pursuit of

17 one's own economic interests does not qualify as 'outrageous' under this standard." *Id.* at 1398.

18     *Girard v. Ball,* 125 Cal.App.3d 772 (1981), was an action brought by a debtor against a

19 creditor over what the plaintiff claimed were heavy-handed collection tactics. The trial court

20 granted the creditor's summary judgment on plaintiff's emotional distress claims. The appellate

21 court affirmed, finding the creditor's conduct was a "privileged assertion of an economic interest

22 in good faith . . . respondent's conduct was not outrageous nor extreme. Mailing . . . two written

23 communications . . . [and making] some telephone requests for payment . . . do not even hint at

24 the kind of conduct referred to in the cases discussing outrageous conduct." *Id.* at 787.

25     For a lender to make a loan and merely seek to enforce its terms cannot under any

26 conceivable pleading made in good faith be deemed to be outrageous conduct.

27 **D.**     **Neither Perjury Nor Offering False Evidence Are Private Causes Of Action**

28     Plaintiff's final two claims are not viable. There is no such tort as "Offering False

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  Evidence."  Indeed, such a thing would be entirely inconsistent with the litigation privilege and

2  California's anti-SLAPP statute.

3      As to perjury, that is a criminal offense without a private right of enforcement.  *Levy v.*

4  *San Joaquin County Dep't of Child Support Servs.*, 2013 U.S. Dist. LEXIS 64526, at *19-20

5  (N.D. Cal. May 6, 2013) ("Although perjury is a federal crime, see 18 U.S.C. § 1621, there is no

6  private right of action which would enable Plaintiff to assert this claim in a civil lawsuit");

7  *Najarro v. Wollman*, No. C12-01925 PJH, 2012 U.S. Dist. LEXIS 75032, 2012 WL 1945502 at

8  *3 (N.D. Cal. May 30, 2012) ("The claims of 'obstruction of laws,' 'obstruction of justice,' and

9  'perjury' are dismissed because there is no private right of action for any of those claims").

10      Additionally, all the alleged perjurious statements were made in connection with, and

11  frequently as argument in, ongoing litigation.  They are privileged under California Civil Code §

12  47.  *Jacob B. v. County of Shasta*, 40 Cal.4th 948, 960 (2007) (noting that privilege extends to

13  claims of perjury).  None of the alleged statements were made under oath in any event.  They

14  cannot, therefore, serve as the basis for a perjury accusation.

15  **E.**    **Plaintiff Quiet Title Claim Is Not Directed At Wells Fargo**

16      Plaintiff's attempt to quiet title appears to be directed to "unknown defendants."  (FAC,

17  ¶¶ 122-123.)  It does not include Wells Fargo or any other named defendant.  This, of course,

18  means Plaintiff cannot satisfy the elements of California Code of Civil Procedure § 761.020(c)

19  requiring her to detail the specific adverse claims to the title.  In any event, the Property is not an

20  asset of the bankruptcy and there is no basis for his Court to exercise jurisdiction over it.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    **VII.    <u>CONCLUSION</u>**

2         In light of the deficiencies identified above, leave to amend should be denied because it

3    would be futile.  *Amerisource Bergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 951 (9th Cir.

4    2006).  Plaintiff has been given repeated opportunities to attempt to assert her claims and still

5    fails to do so in a legally viable manner.  Wells Fargo is entitled to finality and this Court should

6    dismiss with prejudice.

7                                          Respectfully submitted,

8    Dated:  March 21, 2016                 ANGLIN FLEWELLING RASMUSSEN
                                             CAMPBELL & TRYTTEN, LLP
9

10
                                           By:    */s/ Dean A. Reeves*
11                                              Dean A. Reeves
                                           Attorneys for Defendants
12                                         WELLS FARGO BANK, N.A., DEAN REEVES;
                                           ROBERT LITTLE; ROBERT BAILEY; AND
13                                         JOHN STUMPF

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Anglin Flewelling Rasmussen Campbell & Trytten, LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101.

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED ADVERSARY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 21, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Toriana S. Holmes, Esq., Attorneys for Defendant Wells Fargo Bank, NA, Email: tsh@severson.com

Steven A. Wolvek, Esq. Attorneys for Defendant Steven Wolvek, Email: steve@wolveklaw.com

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On March 21, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Laurel Greenstein, Plaintiff Pro Se
17639 Sherman Way, Suite A-35
Van Nuys, CA 91406
(818) 305-5716

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 22, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

By Personal Delivery

The Honorable Martin R. Barash
United States Bankruptcy Court, Central District, San Fernando Division
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367        Tel: (818) 587-2853

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 21, 2016 | Yvonne L. Blum | /s/ Yvonne L. Blum |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## PROOF OF SERVICE (Continued)

**1**.  <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

United States Trustee (SV), Email: ustpregion16.wh.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                2                          **F 9013-3.1.PROOF.SERVICE**