MARISOL A. NAGATA
State Bar No. 221387
DARLENE C. VIGIL
State Bar No. 223442
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
20955 Pathfinder Road, Suite 300
Diamond Bar, California 91765
(626) 915-5714 – Phone
(972) 661-7726– Fax
File No. 2973071
cdcaecf@BDFGroup.com

Attorneys for Defendant
Marisol Nagata

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Laurel Greenstein,<br><br>　　　　Debtor. | CASE NO.:　　1:12-bk-15099-MB<br><br>CHAPTER:　　7<br><br>A.P. No.:　　1:15-bk-01220-MB |
| Laurel Greenstein,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Wells Fargo Bank N.A, The Duran Family Trust, Patricia M Dur.an, Mary A Duran, Robert Lindaman, John Stumpf, Robert Bailey, Robert Little,  Marisol Nagata, Dean Reeves, Steven A Wolvek, Roger Lipkis, and Does 1-10,<br><br>　　　　Defendants. | **NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY CASE PROCEEDING**<br><br>*[FRBP Rule 7012; FRCP Rules 12(b)(6)]*<br><br>*HEARING:*<br><br>DATE:　　April 28, 2016<br>TIME:　　2:30 p.m.<br>PLACE:　　US Bankruptcy Court<br>　　　　21041 Burbank Blvd.<br>　　　　Courtroom 303, 3rd Floor<br>　　　　Woodland Hills, CA |

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on **April 28, 2016 at 2:30 p.m.**, in Courtroom 303, 3rd Floor of the above-entitled Court, Defendant Marisol Nagata ("Defendant") will move this Court for an order dismissing the Complaint ("Complaint") filed by Plaintiff Laurel Greenstein ("Plaintiff") pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6), made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure, Rule 7012(b)(6). Such motion will be brought on the grounds that Plaintiff's Complaint fails to state any facts in support of a claim for relief against this Defendant.

The motion will be based on this notice, the memorandum of points and authorities, the pleadings and papers on file herein, the request for judicial notice filed concurrently herewith, and upon such other written and argument as may be presented to the Court.

Said motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose the motion, you <u>must file a written response</u> to the motion with the Bankruptcy Court and serve a copy of it upon the Defendant at the address set forth below no less than 14 days before the hearing and appear at the hearing of the Motion:

>BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP
>Attn: Rich Jamison, Bankruptcy Dept.
>20955 Pathfinder Road, Suite 300
>Diamond Bar, CA 91765

**If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.**

Respectfully submitted,

**BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP**

Dated: March 21, 2016        By:        */s/ Marisol A. Nagata*
Marisol A. Nagata, Esq.
Attorneys for Defendant

## **MEMORANDUM OF POINTS AND AUTHORITIES**

I.    INTRODUCTION

Defendant is employed as an associate attorney with Barrett Daffin Treder & Weiss, LLP. This is the **fourth** action brought by Plaintiff against Defendant since 2012 in connection with Defendant's representation of Wells Fargo Bank, N.A. ("Wells Fargo") in the Chapter 13 bankruptcy case proceeding, Case No. 1:11-bk-23430-MT (*In re Roger Lipkis*), which resulted in a stipulated order terminating the automatic stay under 11 U.S.C. § § 362(d)(1) and (d)(4), with respect to Wells Fargo's lien interest in the real property, 5160 Llano Drive, Woodland Hills, California, 91364. The present Complaint fails to allege the existence of any real dispute between Defendant and Plaintiff. Accordingly, Plaintiff's lawsuit should be dismissed, with prejudice.

II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

On August 20, 2012, Plaintiff commenced adversary action, **1:12-ap-01300-AA**, against Defendant and other defendants also named in this current adversary action, which resulted in an entry of an order dismissing the adversary proceeding on November 1, 2012. [RJN, Exhibit 1]. No appeal was taken with respect to the November 1, 2012 dismissal order.

On October 24, 2012, Plaintiff commenced a subsequent adversary case proceeding, **1:12-ap-01379-AA**, which also resulted in a dismissal of the complaint as to Defendant. [RJN, Exhibit 2]. The court entered an order granting Defendant's motion to dismiss on December 27, 2012, Dkt. #12. [RJN, Exhibit 3]. Plaintiff filed a notice of appeal to the Ninth Circuit BAP, CC-12-1666. On May 30, 2013, an Order of dismissal of appeal was entered based on Plaintiff's failure to prosecute. [RJN, Exhibit 4].

On December 4, 2012, an Order denying plaintiff's motion for reconsideration of order granting relief from the automatic stay and for motion for hearing re contempt was entered in Case no.1:11-bk-23430-MT. [RJN, Exhibit 5].

Less than one month later, on January 2, 2013, Plaintiff also commenced a separate state court action against Defendant in the Superior Court of California, Los Angeles County, Van Nuys Division, **Case No. LC099392**. A judgment of dismissal with prejudice with entered against Plaintiff in the state court action on January 23, 2014. [RJN, Exhibit 6].

Back in bankruptcy court, Plaintiff's emergency motion filed in Case no.1:11-bk-23430-MT to vacate order granting relief from stay was denied by an order entered on April 16, 2013. [RJN, Exhibit 7].

Plaintiff commenced the within adversary case proceeding, **No. 1:15-ap-01220-MB,** on October 6, 2015. The operative complaint was filed on February 19, 2016.

As in the prior litigated matters, Plaintiff's current Complaint alleges no specific facts that would give rise to the relief Plaintiff seeks. Plaintiff fails to allege the existence of any real dispute between Defendant and Plaintiff. Plaintiff's lawsuit as to this Defendant should be dismissed outright because her generalized allegations, non-discernable claims, and prayers for relief do not state a claim against Defendant.

Furthermore, Plaintiff's Complaint is barred by the doctrine of res judicata.

Alternatively, Plaintiff's pleading does not meet the minimal pleading requirements under Rule 8 of the Federal Rules of Civil Procedure, which requires Plaintiff to plead "enough facts to state a claim to relief that is *plausible on its face*" and "above the speculative level."[1] Plaintiff's Complaint consists of generalized allegations completely devoid of necessary facts requisite to pleading a cause of action against this Defendant.

III. <u>ANALYSIS</u>

A. <u>LEGAL STANDARD FOR GRANTING MOTION TO DISMISS</u>

It is well-established that a complaint may be dismissed pursuant to Rule 12(b)(6) if it appears beyond doubt that plaintiff can prove no set of facts in support of its claim which would entitle it to relief.[2] Specifically, even though a "short and plain statement" of the claim must be alleged,[3] a complaint may be dismissed as a matter of law under FRCP, Rule 12(b)(6) for (a) lack of a cognizable legal theory or (b) insufficient facts under a cognizable legal claim.[4] In terms of the latter, "factual allegations must be enough to raise a right to relief above the speculative level"[5] and "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" must be alleged.[6] Courts should dismiss any claim "that fails to plead sufficiently all required elements of a cause of action,"[7] while a court may not "supply essential allegations of the claim that were not initially pled."[8]

Further, when ruling on a motion to dismiss, all well-pled facts in the complaint are deemed true,[9] however conclusory allegations are disregarded.[10] Thus, the liberality with which courts view pleadings cannot salvage a conclusive claim unsubstantiated by transparent fact.[11] In fact, while Courts consider facts in the complaint as true on a motion to dismiss, they do not "assume the truth of legal conclusions merely because they are in the form of factual

---

[1] *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, 1974, 167 L.Ed. 2d 929 (2007) (emphasis added).
[2] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).
[3] *FRCP*, Rule 8(a)(2)
[4] *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-534 (9th Cir. 1984); see generally *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990)
[5] *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)
[6] *Id.*
[7] *Student Loan Mktg. Ass'n,* 181 F.R.D. 629, 639 (S.D. Cal. 1998)
[8] *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).
[9] *Shah v. County of Los Angeles*, 797 F.2d 743, 745 (9th Cir. 1986).
[10] *McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987).
[11] *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

allegations."[12] Further, "the Court is not required to accept legal conclusions in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."[13]

In ruling upon a Rule 12(b)(6) motion, the Court may consider documents exhibited to the complaint, documents referred to in the complaint or documents that are central to a Plaintiff's claim.[14] Furthermore, the Court can consider documents that are properly subject to Judicial Notice under Federal Rules of Evidence 201.[15] In light of the foregoing, Defendant requests that this Court consider each of the documents attached to the Request for Judicial Notice in its analysis of this Motion. To the extent that the documents exhibited or referenced in the complaint conflict with the complaint, the Court may also disregard allegations in a complaint.[16]

B.    THE COMPLAINT LACKS A CLAIM UPON WHICH RELIEF CAN BE GRANTED:

Dismissal is appropriate because the Complaint completely fails to allege any facts that would give rise to a cause of action against Defendant. Plaintiff specifically names no less than twelve (12) defendants in the Complaint but the Complaint conflates defendants making it confusing for this Defendant to figure out how to respond to the Complaint. It is well-established that the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."[17] Here, the Complaint does not contain enough facts to apprise Defendant of the issues it is being asked to meet, rendering it impossible to respond. Simply put, the Complaint is devoid of any facts supporting a cause of action against this Defendant. The Complaint should be dismissed outright, with prejudice.

///

///

---

[12] *Id.*
[13] *Clegg v. Cult Awareness Network*, 18 F.3d. 752, 754-55 (9th Cir. 1994).
[14] *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994)
[15] *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504(9th Cir. 1986)
[16] *During v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987)

B. <u>ALTERNATIVELY, PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA.</u>

It is well-established that the doctrine of res judicata "ensures the finality of decisions" and serves to protect adversaries from the expense and vexation attending to multiple lawsuits, to conserve judicial resources, and to foster reliance on judicial action by minimizing the possibility of inconsistent decisions."[18] Res judicata applies to successive actions in federal courts.[19]

Generally, the preclusive effect of a former adjudication is referred to as "res judicata."[20] Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action. Claim preclusion prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.[21] Claim preclusion prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."[22] Here, the re-litigation of Plaintiff's allegations are barred by the final judgment rendered in the Plaintiff's prior three lawsuits. The current adversary case is essentially the Plaintiff's fourth "bite at the apple". Plaintiff has already wasted enough time and resources of this Court. It is time to put an end to Plaintiff's tactics, designed to simply harass this Defendant and multiple other defendants in this action.

A. <u>ALTERNATIVELY, THE COURT SHOULD ORDER A MORE DEFINITE STATEMENT.</u>

If this Court does not dismiss all of the causes of action asserted in the Complaint against,

---

[17] *Bell Atlantice Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[18] *American Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524, 1529 (C.A. 9, 1985).
[19] *See id.*
[20] *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321-322 (9th Cir.1988) (quotations, citations, and footnote omitted).
[21] *See id.*

this Defendant, the Court should order Plaintiff to provide a more definite statement of the remaining claims. Rule 12(e) authorizes a motion for more definite statement to be granted when the pleading is "so vague or ambiguous that [the defendant] cannot be reasonably be required to frame a responsive pleading."[23] The Complaint does not "plead a short and plan statement" of the elements of Plaintiff's claim. The Complaint does not satisfy the *Bell Atlantic Corp. v. Twombly* standard requiring "more than labels and conclusions" to plead claims that are "plausible on [their] face."[24] If this Court allows any of Plaintiff's claims to survive, Plaintiff should be ordered to set forth in detail the specific facts supporting each count they assert.

IV.  CONCLUSION

Based on the foregoing, Defendant respectfully requests:

1. That the Court grant its Motion to Dismiss Plaintiff's Complaint, **_without_** leave to amend;

2. Alternatively, that the Court grant its Motion for a More Definite Statement;

3. For reasonable attorney's fees and cost; and

4. Any further relief the Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted,<br>**BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP** |
| Dated: March 21, 2016 | By:   /s/ Marisol A. Nagata<br>MARISOL A. NAGATA<br>Attorneys for Defendant |

---

[22] *American Fabrics, Inc.* at 1529.
[23] Fed.R.Civ.P. 12(e)
[24] *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. at 1964-1965, 1974.